*JAMES DOYLE v. ALDERMEN OF RALEIGH.

*Office or Place of Trust or Profit, what is—Mandamus.*

1. An "office or place of trust or profit" must involve the exercise of functions affecting the public, in order to render the incumbent ineligible to hold a similar office or place. Under the facts of this case the plaintiff is not ineligible.

2. This case differs from the preceding, in the fact, that, after passing the resolution excluding the plaintiff and declaring his seat vacant, the defen-

*Mr. Justice MERRIMON, having been of counsel, did not sit on the hearing of this case.

dants elected no successor to fill the vacancy ; and it was held, here, that
*mandamus* is the proper remedy for his restoration to office.

( *Worthy* v. *Barrett,* 63 N. C., 199 ; *Eliason* v. *Coleman,* 86 N. C., 235, cited and
approved).

CIVIL ACTION in which application is made for the writ of
*mandamus,* heard at Fall Term, 1883, of WAKE Superior Court,
before *Shepherd, J.*

The plaintiff was elected an alderman of the city of Raleigh,
and asked to be restored to the office from which he was·removed
by the defendants.    It was found by the jury, upon issues sub-
mitted to them : 1. That he was sworn and inducted into office
on the 8th of May, 1883.   2. That he was wrongfully obstructed
by defendants in the exercise and discharge of the functions of
his office.   3. And that the plaintiff, on the first Monday in
May, 1883, held and exercised an office or place of trust or profit
under the government of the United States.   A further state-
ment of the facts appears in·the opinion.

Upon this verdict, and the admission of plaintiff that he still
holds the office or place as found in the above issue, the court
adjudged that the writ of *mandamus* be refused, and the plain-
tiff appealed.

*Messrs. D. G. Fowle, Walter Clark, J. B. Batchelor* and *T.
M. Argo,* for plaintiff.

*Messrs. Reade, Busbee & Busbee, Fuller & Snow* and *A. M.
Lewis & Son,* for defendants.

SMITH, C. J.   The plaintiff, elected an alderman of the city
of Raleigh, and having taken the oath of office and met and
acted with his associate members of the board, was ejected from
his seat by a resolution of the body, on the ground of his con-
stitutional incompetency to hold the office under essentially the
same circumstances as was the plaintiff Ellison, whose appeal is
determined at this term.    There was, however, no successor
chosen to occupy the plaintiff's vacated place.   In this state of

the case the plaintiff has sought an appropriate remedy for his restoration to office in coercive measures against the alleged wrong doers.

At the time of the election and since, he has been acting under an appointment from the treasury department of the United States, and at a salary or compensation of sixty dollars per month, as night watchman of the postoffice building in this city, to guard and protect it from depredation and injury. This employment, it is insisted, rendered him ineligible to hold under that clause of the constitution, omitted in the formation of the constitution of 1868, and reinserted by an amendment made in 1875, which declares that:

"No person who shall hold any office or place of trust or profit under the United States, or any department thereof, or under this state or any other state or government, shall hold or exercise any other office or place of trust or profit under the authority of this state, or be eligible to a seat in either house of the general assembly," with certain exceptions not material to the present inquiry. Const., Art. XIV, §7.

It was upon the assumption of this incompatibility that the board of aldermen proceeded in declaring the office vacant, because the person elected could not, under the law, hold it and exercise the attaching franchises. There is no impediment in the way of the plaintiff's restoration to his seat, even if the aldermen had jurisdiction in the premises, and had proceeded in a regular way to pass upon the question of competency, if his place as watchman at night is not embraced in the comprehensive and somewhat indefinite terms in which the disqualification is expressed. We shall not make the attempt to define the precise extent of the words employed, after the unsatisfactory efforts of the counsel of the respective parties to do so; and we shall do all required in this appeal by assigning the place held by the plaintiff on the proper side of the line which separates those employments in the public service which are, from those which are not, "offices or places of trust or profit" in the sense of the

constitution. It is apparent from the association that "places of trust or profit" are intended which approximate to but are not offices, and yet occupy the same general level in dignity and importance. The manifest intent is to prevent double office-holding—that offices and places of public trust should not accumulate in a single person, and the superadded words of "places of trust or profit" were put there to avoid evasions in giving too technical a meaning to the preceding word.

Thus Mr. Justice READE declares that "members of the legislature are not officers. Theirs are *places* of trust and profit, but not offices of trust and profit." *Worthy* v. *Barrett*, 63 N. C., 199.

An office admitting of the remedy by *quo warranto* for amotion is defined by Mr. High, and quoted in *Eliason* v. *Coleman*, 86 N. C., 235, "is a public position to which a portion of the sovereignty of the country, either legislative, executive or judicial, attaches for the time being, and which is exercised for the benefit of the public. High Ex. L. Rem., §620.

As an office has some relations to the public, so must those "places of trust or profit" involve the exercise of functions affecting the public, in order to constitute a disqualification for other similar places.

It is plain the plaintiff, by whomsoever appointed, and at whatever compensation, who is employed mainly to guard a public building at night, to prevent its destruction or injury from fire or other cause, is in no sense occupying a place of trust and profit, but is employed in a specific service having none of the attributes to raise it to the dignity of the constitutional disqualification. Without definite information of the extent and kind of services required of the plaintiff, and regarding them such as are comprehended in the name given to the employee, we consider him not holding an office or place that disables him from occupying a seat in the board of aldermen.

There is error, and judgment must be rendered for the plaintiff, and it is so ordered.

Error.                                                    Reversed.