COMMISSIONERS of Moore County v. G. A. MacRAE and others.

*Official Bonds, when suit on barred—County Treasurer, effect of settlement with—Mistake may be proved.*

1. An action upon an official bond may be brought within six years after a breach thereof: the statute does not begin to run from the date, but only from the breach of the bond.

2. A settlement had between a county and its out-going treasurer, does not operate a discharge of liability upon his bond; nor is it *conclusive* evidence of a proper accounting, but is open to proof that a mistake was made.

3. The actual payment of the funds remaining in defendant's hands will alone relieve the bond from liability, and it is his duty to know to what fund the money in hand belonged.

(*Baker* v. *Munroe*, 4 Dev., 412 ; *Coomer* v. *Little*, Conf. Rep., 92, cited and approved).

CIVIL ACTION tried upon exceptions to a referee's report, heard at Fall Term, 1882, of MOORE Superior Court, before *Gilmer, J.*

The defendant G. A. MacRae was elected treasurer of Moore county in August, 1872, and duly qualified on the 2d day of September, 1872, and his term of office expired on the 4th day of September, 1874. On the — day of September, 1873, he gave bond as such treasurer, payable to the state of North Carolina for the sum of $9,000, with the other defendants as sureties thereto, conditioned as follows:

"The condition of the above obligation is such, that whereas the above bounden G. A. MacRae, county treasurer, is the proper and lawful person to receive the school fund during his term of office; Now, therefore, if the said G. A. MacRae shall, during his term of office, well and truly execute the duties pertaining to the school fund, and pay according to law, and on the warrant of the chairman of the board of commissioners, all

moneys which shall come into his hands as school fund, and render a just and true account to the board when required by law or by the board of commissioners, then the above obligation to be void; otherwise to remain in full force and effect."

This action was brought against the defendants upon this bond because of alleged breaches thereof. The defendants, among other defences, pleaded the *statute of limitations*, barring actions in cases like this. Upon the complaint and answer, "the matters at issue between the above parties" was referred by consent to a referee.

At the fall term, 1881, of the court, the referee filed his report in the action. To this report the plaintiffs filed sundry exceptions, only one of which is it material to consider here.

It is agreed between the parties that there was evidence before the referee, and before the court, tending to show that in February, 1875, there was a settlement between the defendant MacRae, as treasurer, and the county finance committee; and that in this settlement there was a mistake of $530.25 in favor of the treasurer; that this mistake was discovered in August, 1876, and this action upon the treasurer's bond was begun on the 21st day of January, 1880, to recover this sum, with interest.

The referee found and decided in his report, that the claim based upon this mistake, was barred by the statute of limitations. To this decision of the referee, the plaintiffs excepted. The court overruled the exception and gave judgment for the defendants, whereupon the plaintiffs appealed to this court.

*Messrs. Hinsdale & Devereux,* for plaintiffs.
*Messrs. W. A. Guthrie* and *W. E. Murchison,* for defendants.

MERRIMON, J., after stating the case. The defendants undertook and obliged themselves by their bond, to make good in money any default of their principal, "pertaining to the school fund" that might go into his hands during his term of office as treasurer, and particularly, for the purposes of this action, that

he would, in going out of office, pay over to his successor all sums of money he might then have in his hands belonging to the "school fund." If he failed to so pay over such money in his hands to his successor, he thereby committed a breach of his bond, and it might then at once be put in suit, or at any time next thereafter within six years.

The statute of limitations (THE CODE, §154, sub-division 1) provides that "an action upon the official bond of any public officer" shall be brought "within six years." This does not imply six years from the date of the bond, but from date of the breach thereof, the time when the cause of action accrued. The plaintiffs could not resort to the bond as a security for their benefit until default happened. It cannot be in the light of all past legislation in this state on this subject, that it was the purpose of the legislature to make the limitation begin with the date of the bond. The present statute takes the place of section 5, chapter 65 of the Revised Code. It is manifestly intended to serve the same purpose, and must receive the same construction as to the time when the statute begins to operate. *Baker* v. *Monroe*, 4 Dev., 412; *Coomer* v. *Little*, Conf. Rep., 92 (223).

Viewing the matter in the most favorable aspect for the defendants, the default took place on the 4th day of September, 1874; on that day MacRae ought to have paid all the "school fund" in his hands to his successor, and he failed to do so. The plaintiffs might at any time within six years next thereafter bring the action upon the bond. They did bring it within six years, and so the statute is no bar as to the breach then committed.

It is said, however, that the treasurer, MacRae, had a settlement with the finance committee of the county in February, 1875, by which it was ascertained that he had no part of the "school fund" he had failed to account for, and this conclusively discharged the bond as to all the defendants. We cannot accept such a conclusion.

The fact, if indeed it were a fact, that the defendant MacRae did not know at the time he went out of office, what, if any part of

the "school fund" remained in his hands, did not in any respect or degree change his liability and that of his sureties upon their bond. He was bound in contemplation of law to know, and to pay over all of the fund he had, and if he did not the breach was complete. It was his duty to keep his accounts correctly and to know what fund was in his hands, and in law, he *must know* and pay.

And so, also, if a mistake were made in a settlement had by him with the finance committee of the county in his favor of $530.25, this settlement did not operate to discharge his bond, his liability, or that of his sureties thereto. There could be no discharge of the bond and liability upon the same but by the payment of the money remaining in his hands. The settlement did not change the liability of the defendants; it was only *evidence* to show that the outgoing treasurer had accounted for all the fund in his hands; but it was not conclusive evidence; it might be explained by showing the mistake. The finance committee had no power or authority, statutory or otherwise, to discharge, by receipt or other acquittance they could execute, the bond and liability upon the same. There could not be a discharge but by the payment of the money to the incoming treasurer. Any settlement of the matter short of paying the money in the hands of the outgoing treasurer to his successor would not be conclusive, or conclusive evidence.

It might be difficult in many cases to show a make or disturb a settlement fairly made by the county treasurer with the finance committee of the county or with the county commissioners. Every reasonable intendment would go to support it; nevertheless, it is competent to show a mistake, and when shown, the bond operates to secure the money thus appearing to be due in the same measure, and moreover, as if the mistake had not been made. In contemplation of the law, it was continuously due from the breach of the bond.

The court erred in overruling the exception and granting judgment for the defendants. The judgment must be reversed, and it is so ordered. Let this be certified.

Error.                                                        Reversed.