J. L. HINTON v. LIFE INSURANCE COMPANY OF VIRGINIA.

*Verification of Pleadings — Amendment of Judgment—*
*Invalid when—Conditional Judgment Invalid—Prac-*
*tice—Fragmentary Appeal—Dismissal.*

1. Inasmuch as Section 633 of *The Code* gives to Commissioners of
   Affidavits full powers to take oaths in matters relating to
   causes pending in the Courts of this State, and Section 640
   gives to Clerks of Courts of record in other States the same
   powers as are given to Commissioners of Affidavits, a verifi-
   cation of a pleading made before the Clerk of the Hustings
   Court of Richmond, Virginia, and authenticated by his seal,
   is valid.

2. Courts take judicial notice of the seals of the Courts of another
   State for the purpose of determining the validity of a veri-
   fication of a pleading, just as they do of the seals of Foreign
   Courts of Admiralty and Notaries Public.

3. An amendment of a judgment made by a Judge after the last
   session of a court, in his room at a hotel, without the con-
   sent, and in the absence of the opposing counsel, is invalid.

4. A conditional judgment is invalid; and therefore, where a judg-
   ment permitting a defendant to verify his answer upon the
   condition that, if the ruling of the Court giving judgment
   for plaintiff for want of a properly verified answer should
   be sustained, the defendant would submit to a judgment for
   a certain amount, the judgment is vitiated by the condition.

5. Fragmentary appeals are not allowed; and hence, when in an
   action, on an insurance policy, the Court declined to permit
   defendant to verify its answer unless it would submit to a
   judgment for a certain amount, and the condition was
   accepted and judgment rendered for such amount without
   prejudice to the right of the plaintiff to claim a further sum,
   as to which the cause was continued; Held, that the judg-
   ment being only a partial one, an appeal does not lie.

CIVIL ACTION, tried before *McIver, J.,* at Fall Term,
1894, of PASQUOTANK Superior Court. Upon the call of the
case for trial, the plaintiff moved to strike out the answer

of the defendant, because it was not verified according to the Statute, and also moved for judgment upon the complaint. The verification was made before the Clerk of the Hustings Court of Richmond, Va. His Honor granted plaintiff's motion and gave judgment as follows:

"This case coming now to be heard by the Court upon the plaintiffs motion for judgment for default of an answer properly verified, and the Court being of opinion that there was no verified answer, granted the motion. Before this judgment was entered defendants asked to be permitted, in the discretion of the Court, to verify its answer, which the Court granted upon the condition that if the ruling of the Court is sustained on appeal the defendant would submit to a judgment for the sum of $456.80, the amount of premium actually paid by plaintiff, which the defendant accepted, but excepted to the ruling of the Court and appealed. Thereupon, on motion of plaintiff it is ordered and adjudged by the Court that the plaintiff recover of the defendant the sum of $456.80 with interest from September 17th, 1894, till paid, and the costs of this action to be taxed by the Clerk. It is further ordered as a further consideration of the exercise of the above discretion in defendant's favor that this judgment shall not prejudice the balance of plaintiff's claim but his right to same shall be held at a subsequent term and the cause is continued till the next court as to said balance.

Defendant appeals; bond in the sum of $25.00 adjudged sufficient; thirty days allowed defendant to make up case and thirty days thereafter allowed plaintiff to except. New verification filed as allowed by the Court.

.JAMES D. McIVER, Judge Presiding.

The words "that if the ruling of the Court is sustained on appeal" interlined above were written by myself."

JAMES D. McIVER, Judge, &c.

Attached to the record is the following statement by His Honor:

"The judgment in this cause was rendered and signed by me, except the words hereinafter named, in open court at the regular term, counsel for both sides being present. After the last session of the court had been held, but before the court had formally adjourned for the term and after plaintiff's counsel had gone home, on Saturday in my room at the hotel without the knowledge or consent of plaintiff or his counsel, at the request of defendant's counsel, I inserted the following words in the judgment before signed by me: "That if the ruling of the Court is sustained on appeal." The Clerk of this Court will send a copy of this statement up as part of the record.

JAMES D. McIVER, Judge, &c."

*Messrs. Pruden & Vann*, for plaintiff.
*Messrs. MacRae & Day*, for defendant (appellant).

CLARK, J.: *The Code*, 258, permits verification of pleadings to be made before "any judge, clerk of the Superior Court, notary public or justice of the peace." This refers to those officers in this State and in *Benedict* v. *Hall*, 76 N. C., 113, it was held that a verification before a notary public out of the State was insufficient. Thereupon this section was amended (Acts 1891, Ch. 140) by inserting after the word "notary public" the words "in or out of the State." The verification in the present instance would therefore have been insufficient under Section 258. But *The Code*, Section 633, gives to Commissioners of Affidavits full powers to take oaths or affirmations in matters "relating to any cause depending in the courts of this State," and every such "affirmation made before him shall

be as valid as if taken before any proper officer in this State." And Section 640 gives to Clerks of courts of record in other States the same powers as are given to commissioners of affidavits.

The verification in this case was made before the clerk of the Hustings Court of Richmond, Va., and is authenticated by his signature and the seal of his court. We are constrained therefore to hold that the verification has been made before a properly authorized officer. For such purposes courts take judicial notice of the seal of the courts of other States, just as they do of the seals of foreign courts of Admiralty and Notaries Public. 1 Greenl. Ev., Sec. 479, note 4. The authorities cited to the contrary refer to the proof of the record of a court of another State under the Act of Congress of 1890 and do not apply as to the qualification of an officer of another State to take the verification of a pleading to be used in a court of this State.

The amendment made by the Court in the judgment " after the last session of the Court, in his room at the hotel, without the consent of the opposing counsel " who indeed was absent, was invalid. *Delafield* v. *Construction Co.*, 115 N. C., 21. Indeed had this condition been in the judgment originally, or been made by consent, or at a legal time and place, it would of itself have vitiated the judgment, since conditional judgments are invalid. *Strickland* v. *Cox*, 102 N. C., 411 ; *In re* Deaton, 105 N. C., 59 ; *Hopkins* v. *Bowers*, 111 N. C., 175.

An order allowing an amendment in the pleadings or process upon conditions or terms is valid. *Crump* v. *Thomas*, 89 N. C., 241. It is otherwise as to judgments which must be unconditional.

The judgment was only a partial one, not disposing of the whole matter. The Court has repeatedly held that " fragmentary appeals " will not lie. Clark's Code, 2nd.

Ed., p. 563, and cases there collected. Though the appeal must be dismissed for the reason given, we have passed upon the point intended to be presented, as this Court has sometimes, though rarely, done. *Milling Co.* v. *Finlay*, 110 N. C., 411; *State* v. *Wylde*, Ibid 500.

Appeal dismissed.