The plaintiff alleges that he is the duly elected and qualified treasurer of the "Lincolnton Graded School Committee," a corporation created by Private Laws of 1895, ch. 3, as amended by Private Laws of 1907, ch. 170; that the defendant has the books, documents and papers of the said office in his possession and has refused, after demand, to deliver them to him. The plaintiff, therefore, prays that a mandamus issue to compel the defendant to comply with said demand. The defendant, in his answer, denies the material allegations of the complaint, except as to the possession of the books and papers, and especially denies that the plaintiff has been duly elected and qualified as treasurer of said school committee, or that he now has any right to the said office (470) or the books, documents or papers belonging thereto, and he avers, on the contrary, that he is the rightful incumbent of the office and entitled to exercise its functions and perform its duties and to have the possession of said books, documents and papers. The defendant moved to dismiss the action upon the ground that the plaintiff's remedy, if he has any right to the office as alleged, is by quo warranto and not bymandamus. The court dismissed the action and the plaintiff appealed.
After stating the case: We think the plaintiff has misconceived his remedy. It is evident, from the pleadings, that this is, in substance, an action between two contesting claimants to determine the title to an office and mandamus is not the proper proceeding in such a case. Howerton v. Tate,66 N.C. 231; Brown v. Turner, 70 N.C. 93; Ellison v. Raleigh, 89 N.C. 125;Burke v. Commissioners, 148 N.C. 46. If an office is vacated and the rightful claimant seeks to be inducted into it by the body having jurisdiction of the matter, mandamus will lie to enforce his right, but where the controversy is between two rival claimants, the preferential right of the plaintiff must not Only be clear, but it must be so adjudged in an action of quo warranto, or rather in an *Page 384 
action in the nature of quo warranto, and especially is this true where the defendant is in possession of the office under a claim of right in him to hold it and exercise its functions or perform its duties. Although the proceeding may be in the name of the State upon the relation or complaint of a private party, it is none the less personal as to the parties claiming the office, the issue between them being the right to the same. The authorities sustaining this view are abundant. 32 Cyc., 1420, and notes. The question is expressly decided in Ellison v. Raleigh,89 N.C. 129, where this Court, citing and approving Dillon on Municipal Corporations, secs. 679 and 680, says: "A mandamus is (471) appropriate when there is no usurpation by another, and the end sought is to compel those, who ought to admit and refuse to admit the person entitled by law to fill the place, to perform their duty in this behalf; and the writ may be granted, said Mr. Willcock, `when quowarranto does not lie, although the office be already full, as other wise, in many cases, the applicant would be without remedy.' . . . `The adjudged cases in this country agree that quo warranto, or an information orproceeding in the nature of a quo warranto, is the appropriate remedy, when not changed by charter or statute for an usurpation of a municipal franchise, as well as for unauthorized usurpations and intrusions into municipal offices'; and the author proceeds: `If another is commissioned and in actual discharge of the duties of the office, an adverse claimant to the office is not entitled to a mandamus, but must resort to quo warranto.'
The wrongful occupant must, however, have entered under color of authority and not be a mere usurper, in the restricted sense of that term, to put the rightful claimant to the necessity of a resort to this remedy."
It is expressly declared by our statute (Pell's Revisal, sec. 827) that "an action may be brought by the Attorney-General in the name of the State, upon his own information, or upon the complaint of any private party, against the parties offending, in the following cases: 1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this State, or any office in a corporation created by the authority of this State." Referring to this provision of the law, this Court, in Ellison v. Raleigh, said further: "The statute provides in subsequent sections for the fullest relief to the rightful claimant against an unlawful intrusion, and thereby dispenses with the need of recourse to other process, unless those required to induct; still refuse to do so, after the amotion of the intruder by the judgment of the court; and then they may be compelled to proceed in the discharge of their duties. As the statutory remedy is ample, so where it can be had and made effectual, it is the only mode of deciding the conflicting claims to office by an adjudication between the contesting *Page 385 
parties." It was held in Lyon v. Commissioners, 120 N.C. 237, that where a plaintiff seeks the recovery of an office occupied by another or, as is sometimes said, an office that is full, his (472) remedy is by civil action in the nature of quo warranto, and that mandamus is recognized as a peculiarly appropriate remedy for the correction of an improper amotion from an office and to restore the party who has been improperly ousted to the full enjoyment of his franchise only when the office itself is vacant. The particular language of the Court is: "When a plaintiff sues for an office occupied by another, quo warranto
is the proper remedy, as in Cloud v. Wilson, 72 N.C. 155, but when the office is vacant by reason of amotion, the remedy is mandamus, as in Doyle v. Raleigh, 89 N.C. 133, and this distinction reconciles the decisions." In Moses on Mandamus (1867), p. 150, we find it stated as the settled rule that the writ of mandamus will not lie to compel the admission of a person to, or his induction into, an office already filled. The subject is so clearly treated in that standard text-book that we will refer to it more particularly: "A corporation has been defined to be an intellectual body, created by law, composed of individuals united under a common name, the members of which succeed each other, so that the body continues the same, notwithstanding the change of the individuals who compose it, and which, for certain purposes, is considered as a natural person. (Angell Ames on Corporations, 1.) There are two kinds or classes of corporations. One kind is denominated public, and is founded for public purposes, and generally has for its object the government of a portion of the State, and is therefore endowed with a portion of political powers. Towns, cities and boroughs are familiar examples of this kind of corporations. A private corporation is one created for the advancement of some private end, such, for instance, as a bank, turnpike or railroad corporation. But as their objects, to a greater or less extent, affect the whole community, and they derive their existence from the consent of the public, they in a measure partake of a public nature; so much so that they may be compelled by mandamus to perform the duties imposed upon them by law, although it is a fundamental principle that mandamus only lies in a matter of public concern . . . The law upon the right to resort to mandamus to compel a corporation to admit or restore a person to an office in such corporation is an ancient date, for in Bacon's time it was laid down as a (473) general rule `that where a man is refused to be admitted, or wrongfully turned out of any office or franchise that concerns the public or the administration of justice, he may be admitted or restored by mandamus.' And on this foundation it had been adjudged and admitted in a variety of cases, that if a mayor, alderman, burgess, common councilman, freeman or other person, members of a corporation, having a franchise *Page 386 
or freehold therein, be refused to be admitted, or being admitted, be turned out or disfranchised without just cause, he may have his remedy by writ of mandamus. But in order to warrant the issuing of the writ to admit or to restore one to an office, it must appear that the office claimed is a public office. And it has often been a matter of controversy what shall be said to be a public office. It has, however, long since been decided that a town clerk, recorder, and clerk of the peace, a constable, and even a sexton, a parish clerk, and clerk of the city works, were officers of so public a character as to come within the rule. The writ has often been made use of, in modern practice, to admit or restore to an office; and the rule, as above laid down, seems to have been unchanged." So far he has referred to a vacant office. He then says: "But when an office is already filled by a person who has been admitted and sworn, and is in by color of right, a mandamus is never issued to admit another person. The proper remedy for the applicant is by aquo warranto. Moses on Mandamus, pages 148, 149 and 150. In Hamlinv. Digman, 41 How. Pr. (N. Y.), 132, the same rule was held to be applicable with reference to the office of collector of school taxes, who had been irregularly installed in office under a parol appointment made by the trustee of the school district, the court saying that while he was at least a de facto officer as to the public and third parties, his title to the office could be questioned when he is a party defendant and is sued for an act which he can only justify as an officer, but so far as the officer himself is concerned, a proceeding to try the right to the office between the government in its own name or on the relation of another claimant and the alleged intruder, must be quo warranto."
(474) But our statute, as we have seen, prescribes the remedy of quo warranto to test the validity of the title of any person who is alleged to have usurped, intruded into, or to unlawfully hold or exercise the functions of any public office or any franchise or any office in a corporation created by the authority of the State. Pell's Revisal, sec. 827. It also provides that in any such action brought to try the title to, or right to hold, an office, the court shall have the power to issue a writ of mandamus or any other process which may be necessary and proper to carry its judgment into effect and to induct the successful contestant into the office (section 841), and that the relator, if he recovers and when he has been qualified, as provided by law, to take upon himself the execution of the office, shall demand of the intruder all the books and papers in his custody or within his power, which belong to the office from which the plaintiff had been excluded by him. (Section 843.) The court can, of course, issue any appropriate process to enforce compliance with such demand by a refractory or contumacious defendant. So *Page 387 
it appears that our case comes directly within the terms of the statute, as well as the general principles of the law, to which we have referred.
The provisions of section 834, that the action shall be brought within ninety days after the induction of the defendant into the office, manifestly does not apply to a case like this one, where the alleged intruder has occupied the office more than ninety days before the plaintiff's cause of action accrued. The law does not require an impossibility and it will not, therefore, bar a right to sue, by the lapse of time, upon a cause of action which did not come into existence until after the time had expired. No laches can be imputed in such a case. Revisal, sec. 360; Coomer v. Little, 3 N.C. 223; Godley v. Taylor,14 N.C. 178; Commissioners v. McRae, 89 N.C. 95; 1 Womack's Digest, No. 3063, and cases cited.
This action was properly dismissed. The plaintiff, upon proper application to the Attorney-General and compliance with the law in other respects, can, with his consent, obtain relief, if entitled to it, in the mode prescribed by the statute.
We direct attention to the fact that there are imperfections in the act providing for the appointment of a treasurer for the school committee and even the election of the members of that committee, (475) to the end that they may be corrected by further legislation, if deemed advisable.
Affirmed.
Cited: Edgerton v. Kirby, 156 N.C. 350; Johnston v. Board ofElections, 172 N.C. 167.