ELIZABETH A. SMITH *v.* C. H. MILLER.

(Filed 17 May, 1911.)

1. Appeal and Error — Supreme Court — Retention of Cause — Superior Court—Final Judgment—Procedure.

The Supreme Court having held on a former appeal in this case that an investment or reinvestment of certain funds ordered by the Superior Court was void and not within the meaning of Revisal, sec. 1590, and that a hotel in the erection of which the funds had been invested be sold and the heirs to whom the funds belonged be reimbursed, preserving the legal rights of claimants or creditors therein until the sale and final hearing, upon the reports of commissioners appointed to the court below, an application by a former commissioner to have the Supreme Court consider and pass upon certain exceptions noted by him in the progress of the case in the court below as to the superiority of payment of his commissions will be refused, as the cause is in the court below and will not be considered here except on appeal from final judgment.

2. Certiorari — Error of Counsel — Appeal and Error — Final Judgment—Former Record.

A *certiorari,* except possibly under very exceptional circumstances, will not issue to bring up an appeal from the lower court on account of error of counsel. In this case it appearing that no final judgment has been entered, the petitioner may preserve his exceptions for review in the Supreme Court upon final judgment, and on this appeal the record in a former appeal may be again used.

3. Appeal and Error—Execution, Stay of.

The motion for *certiorari* being refused in this case, should petitioner appeal from final judgment of the court below, as pointed out, a stay of execution can be obtained under Revisal, 598.

SMITH *v.* MILLER.

*A. S. Barnard for petitioner.*
*No counsel contra.*

HOKE, J.   This is an application by C. H. Miller, a former commissioner, to have the Court consider and pass upon certain exceptions noted by him in the progress of the case in the court below, on the ground that on appeal the cause had been retained and was now in this Court for the purpose indicated.   The appeal referred to is reported in 151 N. C., p. 620, and again in 152 N. C., p. 314, on a petition to rehear, filed by the present applicant, and from a perusal of the record and the opinions in the case it appears that this was a proceeding, under sec. 1590 of the Revisal, to sell land for reinvestment, the sale involving the disposition of contingent interests and in which all the parties *in esse* were before the court.   That during the progress of the cause, in the Court below, decrees and orders were made directing present applicant, C. H. Miller, who was at that time commissioner, to sell a portion of the land in question and to construct and equip a hotel on another portion, a lot in the city of Asheville; that the costs of the hotel, authorized and estimated, was to be not less than $193,350.53, with an additional expenditure recommended increasing the cost of the proposed building to $225,000.   Commissioner, having sold a part of land, proceeded with the construction of the hotel, expended thereon something like $30,295.28 and contracted a large indebtedness to various parties for labor and material, etc., and the enterprise, having come to a standstill, and various creditors having filed accounts, claiming liens, etc., on the structure, the cause was referred and report made to June Term, 1908, Buncombe Superior Court, when it was heard on exceptions before his Honor R. B. Peebles, Judge presiding.   On the hearing, among other things, it was made to appear that it would require at least $100,000, in addition to what had been already spent and contracted, to complete the hotel, and, for various reasons stated, it was not to the interest of the owners that any further sale of land be made, and the judge held that this being a proceeding involving the disposition of contingent interests, the power of the court was only that contained in the statute, and the law

contained no provision authorizing any such scheme of expenditure as had been made in this case, and that such lack of power, appearing of record, all creditors were affected with notice and judgment was entered that the hotel in question, or so much of it as was then built, together with the lot, be sold, and out of the proceeds, the original value of the lot, together with the amount of the heirs' money improperly invested in the improvement, be restored to them, and the court having ruled on exceptions filed by various claimants and others, including some filed by the present applicant, adjudged that the surplus, if there was any, should be distributed among the claimants according to the rulings made. On appeal to this Court, 151 N. C., *supra,* the construction of the statute as made by his Honor was approved and the judgment affirmed, in so far as it directed a sale of the property and a restoration of the money belonging to the heirs. It appearing probable, however, as it subsequently turned out, that the proceeds of sale would no more than suffice for this payment to the heirs and that there would therefore be no surplus to distribute, this Court, reserving all other questions which were presented and preserved by exceptions noted of record, directed the decision to be certified down that the sale should be had and the cause proceeded with. When this order had been duly complied with, the present applicant concluding that the decision might be construed as a final disposition of the case so far as his rights were concerned, filed a petition to rehear, and the court, in denying the petition— 152 N. C., p. 314—again distinctly declared that the cause was in the court below; that a sale should be had and final judgment entered, and that all rights or questions properly noted by exceptions for review would be preserved and dealt with on appeal from such final judgment. Speaking to this question *Associate Justice Walker* said: "The only question to be decided by us at the last term (151 N. C., p. 620) was as to the power of the court to order an investment of the proceeds of sale before any sale of the property had been made, and before it could be ascertained, with any degree of certainty, whether the said proceeds would be sufficient for the improvement of the other property, as contemplated by the former order of the court. We,

therefore, merely directed a sale of the property by the commissioner, W. R. Whitson, and a report of the sale to the court, and it was not our purpose to deprive the petitioner in this case of any rightful claim or lien he has upon the fund to be realized, as between him and the heirs or the owners of the property which is to be sold. Our decision was, it is true, that the heirs should be reimbursed; but if, as contended by the petitioner, he is entitled to a lien upon the fund, as against the heirs, or to be preferred in the distribution of the proceeds of the sale, on account of commissions justly due him, or by reason of any other claim he has preferred and which constitutes a prior lien upon such proceeds, he is not deprived by that decision of asserting such prior lien, and his exceptions, as we said in the former opinion, will be considered without reference to the fact that we have merely ordered a sale of the premises and a report to the court, and refused to pass upon the exceptions until the clear amount of the proceeds of the sale could be ascertained." And further: "Our conclusion is that the former decision is sufficiently explicit to show that the petitioner and the other parties, who claim that they have a lien upon the fund, will not be prejudiced hereafter by reason of our refusal to pass upon their exceptions at the time we made the decision. If the property in the hands of the heirs is, as between them and any of the claimants, subject to a charge or lien for its preservation, or for the payment of taxes or any other encumbrance of a like nature, this question will be open for consideration and decision in the court below when the report of the commissioner, W. R. Whitson, is made to the court." And again: "We do not reverse or modify our former decision, but simply declare, by this opinion, that the legal rights of the claimants, who have excepted, shall be preserved until the land is sold and the final hearing is had upon the report of the commissioners." It will thus be seen that the position now contended for by defendant was directly presented and passed upon in the petition to rehear, and it was expressly decided that the cause was in the court below and that the exceptions of present applicant were preserved for consideration on appeal from the final judgment. This is the orderly course which should obtain in these reference proceedings, and

is in accord with numerous decisions in our Court on the subject. *Riley v. Sears,* 151 N. C., p. 187; *Pritchard v. Spring Co.,* 151 N. C., p. 249; *Brown v. Nimmocks,* 126 N. C., p. 808; *Haley v. Gray,* 93 N. C., p. 195; *Jones v. Call,* 89 N. C., p. 188. In *Pritchard case, supra,* it was held: "An appeal is premature from the judgment of the lower court modifying the report of a referee, declaring the indebtedness and priorities among defendant's creditors, and ordering a reference as to one of them, and it will be dismissed without prejudice; for when a reference has been entered upon it must proceed to its proper conclusion, and an appeal will only lie from a final judgment, or one in its nature final." And delivering the opinion, the Court said: "If a departure from this procedure is allowed in one case, it could be insisted upon in another, and each claimant conceiving himself aggrieved could bring the cause here for consideration, and litigation of this character would be indefinitely prolonged, costs unduly enhanced and the seemly and proper disposition of causes prevented."

In *Brown v. Nimmocks,* 126 N. C., p. 808, it was held: "The intent and policy of the statute allowing appeals (Code, sec. 548), are to present for review the exceptions taken and questions of law arising upon the whole case, and fragmentary appeals will not be entertained when no substantial right is put in jeopardy by such refusal." 2. "A party can preserve his rights by having his exceptions noted in the record and bringing them forward on the final hearing." And in *Jones' case, supra,* it was held: "An appeal from an order sustaining some of the exceptions to a referee's report and overruling others, and recommitting the report with instructions to correct the same in conformity to the ruling of the court is premature and will be dismissed. Upon the coming in of the report and the rendition of a final judgment, all the exceptions can be noted and passed upon in one appeal." And *Merrimon, J.,* delivering the opinion, said: "It is settled that an appeal does not lie at once from every order or judgment that may be made in the progress of an action. Generally, in the order of procedure, it lies from the final judgment, and then it brings up, all together, the exceptions that may have been taken and noted in the record from

SMITH *v.* MILLER.

time to time, and the whole are heard together. An action might easily be protracted indefinitely if an appeal could be taken at once from every order or judgment, however unimportant or inconclusive, entered in the course of its progress, suspending, unnecessarily, its progress pending the determination of successive appeals in this Court. The due administration of justice does not require such a course of practice, even if a fair construction of the statute providing for appeals to this Court would allow it, as it certainly does not." It will thus be seen that every question raised by exceptions, on the part of the applicant, were and are preserved to him; that they are open for consideration, on appeal from the final judgment, and that the court acted by analogy to approved precedents, and on express authority, with us, *Gray v. James,* 147 N. C., 139, in remanding the case on the original appeal and in holding, on the petition to rehear, that the entire cause was in the court below, to be proceeded with to final judgment. It is no answer to this position, that the price realized at the sale is without result on claims of plaintiff, and that the final judgment in no way affects them. This may be true, as a matter of form, but in entering the final judgment the right of appeal at once arises and the applicant is entitled to have the positions indicated by his exceptions reviewed on such appeal.

For the reasons stated the application on the part of C. H. Miller must be denied, and it is so ordered.

Motion denied.