W. H. GRIFFIN ET ALS. v. M. N. CUPP.

(Filed 21 October, 1914.)

**Appeal and Error—Premature Appeals—Fragmentary Appeals—Objections and Exceptions—Practice.**

An appeal will not lie from the refusal of the trial court to dismiss an action, the same being premature; nor by one of several defendants, for then the appeal will be fragmentary. The practice is for the movant to enter an exception which will preserve his position in the event of an adverse judgment in the lower court.

APPEAL by defendant from a refusal of a motion to dismiss by *Allen, J.,* May Term, 1914, of WAKE.

*J. B. Cheshire, Jr., for plaintiffs.*
*T. Lanier and J. W. Bunn for defendant Cupp.*

CLARK, C. J. This was a motion on the part of the defendant Cupp to dismiss the action as to him. This being refused, he appealed. The appeal does not lie, for two reasons.

No appeal lies from a "refusal to dismiss" an action. *Kerr v. Hicks,* 154 N. C., 269; *Johnson v. Reformers,* 135 N. C., 387, and thirty-five other cases cited in 1 Pell's Revisal at p. 313 under section 587. There are many other cases, besides, in which this oft-repeated ruling has been applied without writing an opinion. The remedy of the defendant was to enter an exception, and if the final judgment is in his favor, the point would not have to be passed upon on appeal. But if the final judgment is against him, the point will be preserved by the exception entered, and will be considered on appeal. If this were not so, any defendant could get six months or more of delay by simply moving to dismiss and appealing at once from a refusal of each motion.

The defendant relies upon the authority of *Knowles v. R. R.,* 102 N. C., 59. That case simply holds that a motion to dismiss because the complaint does not state a cause of action can be made at any time, even in this Court; which is true enough. But it does not hold that an appeal lies at once when the motion is made below and is denied.

The appeal also is premature and cannot be entertained, because it would be fragmentary. The motion to dismiss was made by only one of the defendants, and the trial of the whole case cannot be suspended until his motion can be passed on by appeal. He should have entered his exception, and if the final judgment does not embrace him, he will not need to appeal. Otherwise his exception can be reviewed on appeal from such judgment. *McGehee v. Tucker,* 122 N. C., 189; *Hinton v. Ins. Co.,* 116 N. C., 22.

As *Pearson, C. J.,* said in *Hamlin v. Tucker,* 72 N. C., 502, the Court will not "take two bites at a cherry."

Appeal dismissed.