The action was instituted by plaintiffs, claiming to be the regular Board of Trustees of Ahoskie School District No. 11, seeking an injunction to require defendants, also claiming to be the regular board, to turn over to plaintiffs the school building, etc., and to enjoin defendants from interfering with plaintiffs in the control of said property and in the management of said school and its affairs.
From judgment dissolving the restraining order, the plaintiffs appealed.
Chapter 210, Private Laws 1909, provides for creation of Ahoskie School District No. 11, incorporating a board of trustees of six members for the governance of the school and its affairs, who shall hold office for six years, and to be divided into classes, so that two shall go out by expiration of term every two years. In case of ad interim vacancies, they shall be filled by the remaining members of the board by a majority vote thereof until the next general election, when such vacancies shall be filled by an election of the voters of the district.
A perusal of this record will disclose that this is a contest between two rival boards of trustees, each claiming to be de jure, and where the defendants are and have been in the actual enjoyment of the office in dispute are in full exercise of the control and management of the school and its affairs have employed the teachers (389) for the incoming school year and are in under color, one of the defendants having been regularly elected by the voters and three others having been appointed to fill vacancies at a meeting held for the purpose and claiming to have authority to make such appointments.
Upon such a record, our authorities are to the effect that it is not open to plaintiffs to have the question determined in an action of this character where the title is only presented as a collateral issue, but that the parties should try out the question of title in an action properly constituted and brought directly for the purpose. Midgett v. Gray,158 N.C. 133; Rhodes v. Love, 153 N.C. 468; Patterson v. Hobbs,65 N.C. 119. The question presented was fully discussed in one of the cases cited (Rhodes v. Love, supra), Associate Justice Walker delivering the opinion, and where it was held, among other things:
"That action by mandamus, brought by one claiming to be the duly elected and qualified treasurer of a graded school committee to compel the present occupant to deliver to him the books and papers of the office alleged to be wrongfully withheld, is not the proper remedy, and the action will be dismissed when the pleadings put the title to the office in issue, and that is the real matter in controversy.
"The title to a public office in dispute between two rival claimants must be determined by an action of quo warranto, or by an action in the nature of quo warranto, especially when the defendant is in possession of the office under a claim of right in him to hold it and exercise its function or perform its duties; and a mandamus to compel the surrender of the books and papers will not lie until the claimant has established the disputed title."
It may be well to note that defendants do not contend but that *Page 419 
two of plaintiffs, W. W. Rogers and P. H. Mitchell, have full right to membership, they having been duly elected thereto by the voters at the election in May, but this is a contest between the two boards, and the defendants being in possession and exercise of the offices and under colorable claim of right their position can only be questioned by suit brought directly for the purpose. Fuel Co. v. Staton, at present term;Comrs. v. McDaniel, 52 N.C. 107; Burke v. Elliott, 26 N.C. 355; Tar RiverCo. v. Neal, 10 N.C. 520; Brown v. O'Connel, 36 Conn. 432; 8 Am. and Eng. Enc. (2d Ed.), p. 783 et seq.
And being, as stated, a contest between two rival boards, while it is admitted that two of plaintiffs are entitled to membership, the rightful organization of plaintiffs as a board is earnestly denied, and, furthermore, is involved in substantial doubt. To restrain the defendants, therefore, from any and all "interference in the affairs of the school" might result in serious hindrance and leave this important work for the time being entirely without official supervision or control. Under such conditions, the public interests should (390) receive due consideration in determining the right to injunctive relief. Jones v. Lassiter, 169 N.C. 750.
A position fully recognized in cases of this character by our statute law, even in actions brought for the direct purpose of trying the title, sec. 836, Revisal, chap. 12, sub-chap. XL, title Quo Warranto, making provision as follows: "In any civil action pending in any of the courts of this State wherein the title to any office is involved, the defendant being in the possession of said office and discharging the duties thereof, shall continue therein pending such action, and no judge shall make any restraining order interfering with or enjoining such officer in the premises; and such officer shall, notwithstanding any such order, continue to exercise the duties of such office pending such litigation and receive the emoluments thereof."
There is nothing in the case of Salisbury v. Croom, 167 N.C. 223, cited for plaintiff board, that in any way militates against our present decision. That was a contest between two individuals, each claiming to be the rightful member of the board of directors of the Central Hospital, and the question as to which of two rival boards had the right of present control of the property was in no way presented. The Court held that defendant Croom, having been appointed and duly confirmed by the Senate, was entitled to the position, and the official board was right in accepting him as such.
The same position is recognized here as to two of plaintiffs who were duly elected by the voters. No one disputes their right as members or to act as such. The third member who was so elected positively declined to serve, and this is one of the vacancies filled by the *Page 420 
old board, claiming the right to do so under this statute of incorporation. It was stated on the argument, and accepted as true, that an action in the nature of quo warranto has been instituted for the purpose of determining this question between these boards, and for that reason we have not deemed it advisable to refer in detail to the testimony bearing on the claims of the respective parties. But a casual perusal of the record and facts in evidence disclose that defendant board is in possession and control of the school, its buildings and other property, and at least in under color of right, and under the principles stated their management and efforts to carry on the school and serve the public should not be interfered with by injunction until the issue has been finally decided in this action brought directly for the purpose.
There is no error in dissolving the injunction, and the judgment of the Superior Court to that effect is
Affirmed.