A. B. COLE, EXECUTOR OF FANNIE L. STEELE, DECEASED, R. S. COLE AND MRS. HANNAH C. RANCKE, v. THE FARMERS BANK & TRUST COMPANY, A CORPORATION, AND LEAKE S. COVINGTON.

(Filed 6 May, 1942.)

**1. Corporations § 8—**

C. S., 1146, authorizing a compulsory audit of the books of a corporation upon written request signed by 25 per cent of its stockholders, applies to banking corporations, Michie's Code, 224 (j), since the statute embraces all domestic corporations organized for profit in which the beneficial interest and *pro rata* ownership are represented by shares of stock.

**2. Judgments § 32—**

The fact that an interlocutory motion of plaintiff stockholders for an audit of defendant corporation under C. S., 1146, was denied because request therefor was not signed by 25 per cent of its stockholders, does not estop them from thereafter moving for the same relief after the corporation had failed to act within the statutory time on another request for audit signed by more than 25 per cent of its stockholders.

**3. Appeal and Error § 2—**

An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from the final judgment.

**4. Same—**

In an action to restrain defendants from carrying through a sale of shares of stock of defendant corporation, defendants appealed from an interlocutory order allowing plaintiffs a compulsory audit of the corporation's books under C. S., 1146. Defendants did not object to a proper audit of the corporation's books, but objected to the provision of the order that the audit should be at the corporation's expense. *Held:* The appeal is fragmentary and premature, and it is dismissed.

APPEAL by defendants from *Phillips, J.,* at Chambers. From RICH-MOND. Appeal dismissed.

The appeal is from an interlocutory order authorizing an audit of the books of the defendant bank. The order was entered in the above entitled cause pending in the Superior Court of Richmond County. The plain-

tiffs instituted the action to restrain defendants from carrying through the sale of certain shares of stock of the defendant bank, which sale in the manner proposed, it is alleged, will injuriously affect the interests of the plaintiffs, minority stockholders. Pending the action plaintiffs moved in accordance with C. S., 1146, for an audit of the books of defendant bank to be made at the expense of the bank. This was denied by Judge Pless, then presiding, on the ground that the request for the audit was not signed by twenty-five per cent of the stockholders, as required by the statute. Thereafter another request for an audit was served on defendants, signed by more than twenty-five per cent of all the stockholders of the bank, and, upon failure of the bank to commence the audit within the statutory period, motion upon notice was filed before Judge Phillips, resident judge, who allowed the motion, and ordered the audit to be made at the expense of the bank, as provided by C. S., 1146.

The defendants excepted to the order of Judge Phillips, and appealed to the Supreme Court.

*John A. McRae and J. C. Sedberry for plaintiffs, appellees.*
*B. M. Covington and Fred W. Bynum for defendants, appellants.*

Devin, J. The defendants base their objection to the order of Judge Phillips upon two grounds: first, that the statute, C. S., 1146, authorizing compulsory audit of the books of a private corporation, does not apply to banks, and, second, that the plaintiffs are bound by the ruling of Judge Pless denying their previous motion for an audit at the expense of the bank.

Neither of these objections can be sustained. The statute is primarily concerned with the protection of the rights of minority stockholders, and has reference to private corporations as distinguished from municipal, public, or *quasi* public corporations. It embraces all domestic corporations organized for profit in which the beneficial interests and pro rata ownership are represented by shares of stock, and is applicable as well to banks and trust companies organized under the laws of North Carolina as to other business or industrial corporations. *Rhodes v. Love,* 153 N. C., 468 (472), 69 S. E., 436. By sec. 87, ch. 4, Public Laws 1921 (Michie's Code, 224 [j]), it is provided that the laws relating to private corporations are applicable to banks, unless inconsistent with the business of banking.

The fact that Judge Pless ruled against the plaintiffs upon an application which did not meet the requirements of the statute cannot be held to estop the plaintiffs from thereafter moving upon another request with additional signers which did comply in all respects with the provisions of the statute. *Revis v. Ramsey,* 202 N. C., 815, 164 S. E., 358; *Cox*

*v. Cox, ante,* 19, 18 S. E. (2d), 713. Upon the facts found by Judge Phillips the order appealed from was properly entered.

It should be noted that the solvency and financial strength of the bank were in nowise questioned. Indeed the plaintiffs allege that the stock of the bank is worth $600 per share. The bank did not and does not now object to a proper and reasonable audit of its books at the instance of stockholders, but does object to being charged with the cost thereof.

While we have undertaken to dispose of the points raised by defendants' appeal, we think the case was improvidently brought to this Court. The appeal is fragmentary and premature. *Hinton v. Ins. Co.,* 116 N. C., 22, 21 S. E., 201. Defendants' right to review ultimately the ruling of the judge below is not denied, but to recognize the right of immediate appeal from an interlocutory order as to an incidental question, arising in the course of the litigation, is not in accord with approved appellate procedure. Well considered decisions of this Court hold that the progress of an action in the Superior Court should not be halted to determine collateral and incidental questions which can be given due consideration upon an appeal involving the merits of the cause. "As a rule, orders and judgments which are not final in their nature, but leave something more to be done with the case, are not immediately reviewable; the remedy is to note an exception at the time, to be considered on appeal from the final judgment." McIntosh Prac. & Proc., 773; *Brown v. Nimocks,* 126 N. C., 808, 36 S. E., 278; *Smith v. Miller,* 155 N. C., 242, 71 S. E., 353.

The order of a judge from which an appeal will lie, as provided by C. S., 638, must be one which affects a substantial right claimed in the action, or which in effect determines the matter. "If the order does not affect a substantial right of the appellant, his appeal therefrom to this Court will be dismissed." *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794. The rule is aptly stated in the first headnote in *Leak v. Covington,* 95 N. C., 193, as follows: "An appeal from an interlocutory order only lies when it affects some substantial right and will work an injury to the appellant if not corrected before an appeal from the final judgment." This Court has repeatedly declared it will not entertain fragmentary appeals. *Johnson v. Ins. Co.,* 215 N. C., 120, 1 S. E. (2d), 381; *Cement Co. v. Phillips,* 182 N. C., 437, 109 S. E., 257; *Leroy v. Saliba,* 182 N. C., 757, 108 S. E., 303; *Yates v. Ins. Co.,* 176 N. C., 401, 97 S. E., 212; *Joyner v. Reflector Co.,* 176 N. C., 274, 97 S. E., 44; *Smith v. Miller,* 155 N. C., 242, 71 S. E., 353; *Warren v. Stancill,* 117 N. C., 112, 23 S. E., 216; *Blackwell v. McCaine,* 105 N. C., 460, 11 S. E., 360. A fragmentary appeal is one which seeks to bring up only a part of the case, leaving other parts of it unsettled. *Johnson v. Ins. Co., supra; Hinton v. Ins. Co.,* 116 N. C., 22, 21 S. E., 201.

The question whether the Bank or the plaintiffs should be required to pay the expense of the audit ordered in the instant case was not one determinative of the action, nor did the order put in jeopardy any substantial right of the defendants which would necessitate an immediate appeal. We do not think defendants' exception to the order for an audit at their expense should be held sufficient to justify interruption of the progress of the cause for the purpose of enabling the defendants to prosecute an appeal to this Court to determine the propriety of the order. The allowance of fragmentary and premature appeals from interlocutory orders would encourage and facilitate delays, increase costs and multiply appeals.

Appeal dismissed.