## J. B. SPRINKLE v. KNIGHTS TEMPLAR AND MASONS LIFE INDEMNITY COMPANY.

(Decided May 22, 1900.)

*Insurance—False Representations—Suppressed Information*
*—Fraud—Issues.*

1. Issues not raised by the pleadings and not supported by evidence, are
   properly refused.
2. A badly diseased applicant whose condition is known to the agent
   is not a fit subject for insurance, and it was a fraud on the com-
   pany for the agent to insure him.

CIVIL ACTION upon an insurance policy on life of G. R.
Sprinkle, in which the plaintiff was the beneficiary, tried
before *McNeill, J.,* at Spring Term, 1900, of MADISON
Superior Court.

The defense was, that the policy was obtained by mis-
representation and concealment of material facts relative to
the health of the insured. The jury so found, and there was
judgment in favor of defendant.

Plaintiff appealed. Former trial reported 124 N. C., 405.

*Mr. J. M. Gudger, Jr.,* for appellant.
*Messrs. G. A. Shuford,* and *W. W. Zachary,* for appellee.

MONTGOMERY, J. This action was brought to recover the
amount mentioned in a policy of insurance issued by the

defendant company to George R. Sprinkle, the beneficiary named therein being the plaintiff, the father of the assured. The application for insurance was made on the 18th day of September, 1896, and the policy was issued thereon upon the 18th day of October following. The collection of the amount of the policy was resisted by the defendant on the ground that the assured made false and fraudulent statements, in matters material to the risk, as to the state and condition of his health, and that he fraudulently withheld from the company information concerning those matters which he ought to have communicated in his application.

The plaintiff tendered several issues, amongst which was one as to whether the agent of the company, by mistake or blunder, omitted or failed to incorporate in the application statements of the assured relative to his health prior to the date of the application, the agent not deeming the answers material; and another as to whether the agent of the company, after full knowledge of the facts, waived the fact that the assured had been afflicted with dangerous diseases.

His Honor refused to submit those two issues, and there was no error in his so doing. They were not raised by the pleadings, nor was there a particle of evidence to that effect. The issues which were submitted were sufficient in all respects to have every phase of the defendant's cause of action properly presented.

This case was heard before this Court at February Term, 1899, and is reported in 124 N. C., 405. We thought then, and we think now, that there was less of merit in the claim of the plaintiff than in any case involving life insurance in our reports. The assured, by the overwhelming weight of the evidence, was shown to have been a badly diseased man from the year 1891, when he had hemorrhages from the lungs, until the day of his death on the 24th of February,

1897—four months after he had procured the policy. He had had a dangerous case of measles; he had had rheumatism; he had pleurisy with effusion in 1895, which became chronic, finally resisting the absorption treatment, and showing signs of fatted degeneration, so that in January, 1897, the fluid passed out of the pleura through the mouth. Between July and November, 1896, about the time, or a little before, he made application for insurance, the assured was treated and examined by Doctor Frank Roberts. He was found to be suffering from pulmonary consumption, and was told that he could not be cured. He had a cough, night sweats and emaciation, and cavities in his lungs.

As will be seen by a reference to the case, as reported in the 124th volume, a new trial was ordered because there was evidence going to show a conspiracy between the agent and the examining physician and the assured to cheat and defraud the company. The chief difference between the case as it was then constituted and as it now stands, is an attempt on the part of the plaintiff to show, not actual fraud on the part of the agent of the company, but that he through a mistake and blunder entered answers of the assured to questions put to him in his application, which the assured never made, that is, that although the assured said he had been spitting blood and had rheumatism and other dangerous diseases, yet that the agent thought they were not dangerous diseases, nor material to the risk, and he therefore answered them "no," when he should have answered them "yes." There is nothing in the evidence on which this theory can be founded. The agent did say that he did not regard ordinary measles as a dangerous disease; but it nowhere appeared in evidence that measles attended with after complications was regarded by the agent as an immaterial matter, or that he thought pleurisy, spitting of blood and rheumatism were not serious diseases.

The special instructions asked by the plaintiff were based on the idea of this alleged mistake and blunder on the part of the agent, and they were properly refused.

We have carefully looked over the other exceptions of the plaintiff to his Honor's charge, and we find no error of sufficient consequence to justify us in ordering a new trial. The judgment of the Court below is

Affirmed.

Douglas, J., dissents.