R. J. SHIELDS ET AL. v. LEON H. FREEMAN.

(Filed 21 February, 1912.)

1. **Wills—Devisees—Pleadings—Evidence—Issues.**

An issue as to whether a devisee "failed or refused to support the widow and unmarried daughters" of J., being a condition annexed to the devise, when not alleged or supported by evidence, should not be submitted to the jury.

2. **Wills—Intent—Interpretation—"Desires"—Fee Simple.**

The testator put his son in charge of his lands during his life and gave him a one-horse crop for his services. At this time the testator did not own a part of his father's old homestead,

but urged his son, in a will he 'had made, to acquire as much of it as possible. Later the testator acquired that land, and by codicil added it to the devise to his son "in fee simple, to descend to his heirs," and expressed the purpose that his son should own this homestead. In his will the testator "desired" that his unmarried sisters should have a home with their mother and brother on the land: *Held,* (1) a devise to the son in fee simple; (2) a desire that the son keep the land in the male line of inheritance was without legal effect.

### 3. Wills—Prefixes—Uncertainty of Identification—Interpretation.

An undated prefix to a will, "This is written for L. and J. F. and is an addendum to the agreement" of a specified date, is of no effect, the agreement referred to not being "described and identified with such particularity as to designate and clearly show, and so that the court may clearly see, what paper was meant to be a part of the will." *Siler v. Dorsett,* 108 N. C., 300, cited and approved.

### 4. Appeal and Error—Nonsuit in Part—Fragmentary Appeal.

When the trial court dismisses an action as to a part of the lands involved in the controversy and retains it as to the other, the plaintiff should note an exception as to the part nonsuited and bring the whole matter up from final judgment, for otherwise the appeal is fragmentary, and will be dismissed.

### 5. Same—Discretion of Supreme Court.

While this appeal is held to be fragmentary and is dismissed, as it is from a nonsuit respecting only a part of the land in controversy, the court notwithstanding in its discretion passed upon and approved the ruling below as to the nonsuit.

APPEAL by plaintiffs from *Justice, J.,* at November Term, 1911, of BERTIE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Pruden & Pruden, S. Brown Shepherd, and Gilliam & Davenport for plaintiffs.*

*Winston & Matthews for defendant.*

CLARK, C. J.   J. C. Freeman died leaving a will, of which the following is the only part material to this controversy:

"It is my full purpose that Leon H. Freeman, my son, shall own the old (my father's) homestead, or in case he refuses to respond, then my son Joseph W. Freeman may accept or refuse

SHIELDS *v.* FREEMAN.

the same offer, with the positive injunction that it may and shall remain and belong in the family as long as any direct male descendant shall issue from our direct bowels for a claimant. I also have in view to purchase other pieces or parts of said homestead which are to be added thereto, and in case of failure to do so, I would have my boy, whichever may be the owner, use lawful endeavor to unite in as large a tract as circumstances will allow. I ask this as a part of the sale to this land, on account of the many old associations, recollections, and tender recollections and bygone friends, relatives, and friends.

"Now, I invest either Lee or otherwise Joe with a full possession of the farm of a one-horse crop, to be selected by himself, as an inducement to accept as superintendent the supervision of the farm and family from 1 January, 1901, till further separation of the family or until my death, after which I leave them to his best care, and the farm is his in fee simple, to descend to his heirs. The family to remain together, unless torn asunder by natural circumstances. I want everything kept together, and I would have all work together for good, provided it can be so managed. The law is less partial than I can be, and I leave all except this old homestead, which is hereby sold and conveyed, to legal methods; and my prayer shall ever ascend for whole family, the good of my friends, and the well-being of all mankind. This 15 July, 1900." To which he added this codicil: "Since writing the above, I have bought the lands herein intimated, containing 206 acres, to be paid for January, 1901, 1902, 1903—one-third amount each year; and if neither L. H. nor J. W. Freeman choose to accept the terms set forth, my wife and girls shall or may fill the wish, and after the death of my wife everything is to be equitably and legally divided. 5 October, 1901."

Upon a *caveat* entered by these plaintiffs, this paper-writing was established as the last will and testament of James C. Freeman. This action is brought by the daughters of James C. Freeman, alleging:

1. That they are tenants in common with Leon H. Freeman and entitled to be let into possession with him and to immediate partition of the land.

2. That the said will confers no title to the premises upon Leon H. Freeman, and his claim is a cloud upon the title which plaintiffs ask to have removed.

3. That under the will Leon H. Freeman was to hold said premises in trust for the use and benefit of the other children of said J. C. Freeman, and not for his sole use and benefit.

4. That that part of the home place known as "Lot No. 3 in the partition of the land of Sallie M. Freeman" the said J. C. Freeman had bought at a partition sale, but had not paid therefor and no title had been made to him, and the plaintiffs contend that this part of the land did not pass under said will, but descended upon all the children as tenants in common.

Joseph W. Freeman and W. J. Freeman make no claim to the land, and did not unite with their sisters in this action, and are made parties defendant.

The first exception is that the court refused to submit an issue, "Did Leon H. Freeman fail and refuse to take care of and support the widow and unmarried daughters of James C. Freeman after his death?" There was no allegation and no evidence that he had refused and failed, and the issue was properly refused. *Sprinkle v. Insurance Co.,* 126 N. C., 678.

The second exception is that the court refused to instruct the jury that Leon H. Freeman took no interest in the land described in the said will, but that James C. Freeman died intestate in regard thereto, upon the ground that the will is too indefinite, is vague and uncertain. But we think that the will, though inartificially drawn, clearly shows that while the testator desired that his unmarried daughters should have a home with their mother and brother and that the family should remain a unit, he devised the homestead to Leon H. Freeman. He put him in charge of the farm before his death, giving him a one-horse crop for his services each year, beginning 1 January, 1901, and this was to continue until "my death; after which, I leave them to his best care, and the farm is his in fee simple; to descend to his heirs." At this time the testator did not own a part of his father's old homestead, and he urges his son to acquire as much of that as possible. Later the testator acquired that land and by codicil added it to the devise.

He further says: "It is my full purpose that Leon H. Freeman, my son, shall own my old father's old homestead." He enjoins him against selling it, and hopes that it will be kept in the male line of inheritance. This last was a mere request, without legal effect.

The language is not very formal or accurate, but it is sufficient to show a devise of the property in fee to Leon H. Freeman, who accepted it. Joseph W. Freeman is a party to the action, but sets up no claim to the land.

Prefixed to the will is written these words, "This is written for Lee or Joe Freeman, and is an addendum to the agreement made 15 February, 1901." This must evidently have been added after the main body of the will set out, which was dated 15 July, 1900. The date of such prefix does not appear, and the agreement referred to can have no effect unless it was in writing and was "described and identified with such particularity as to designate and clearly show, and so that the court can certainly see, what paper was meant to be part of the will." *Siler v. Dorsett,* 108 N. C., 300.

The court dismissed the action, except as to "the lands described in the complaint as Lot No. 3, and continued the cause for trial upon the issues raised in the pleadings as to that tract of land." The plaintiffs should have noted an exception as to the nonsuit to the other part of the action and have brought the whole case up on appeal from the final judgment after the determination of the issue reserved. The appeal at this stage must be dismissed as fragmentary. *Rodman v. Calloway,* 117 N. C., 13; *Rogerson v. Lumber Co.,* 136 N. C., 266; *Billings v. Observer,* 150 N. C., 542.

We have, notwithstanding, passed upon and approved the ruling as to the nonsuit, which we have sometimes done in such cases. *S. v. Wylde,* 110 N. C., 503; *Milling Co. v. Finlay,* 110 N. C., 412, and cases there cited; *Dowdy v. Dowdy,* 154 N. C., 558.

Appeal dismissed.