## A. G. WALKER v. WILL REEVES ET ALS.

### (Filed 18 February, 1914.)

Drainage Districts—Appeal and Error—Fragmentary Appeal—Exceptions to Reports—Clerk's Jurisdiction.

Where on appeal to the Superior Court a cause in drainage proceedings has been remanded to the clerk to resume jurisdiction and determine the question of hearing exceptions to the preliminary and final reports, and fix a time therefor, should he determine to hear them, the parties should except and appeal to the Supreme Court, should they so desire, or the order will be final; and an appeal from the order of the clerk made accordingly, fixing a time for the hearing of the exceptions, is fragmentary and will be dismissed.  It is further held that the clerk had the jurisdiction to hear the exceptions and grant the parties time within which to file them.

APPEAL by plaintiff from *Connor, J.,* at July Term, 1913, of WASHINGTON.

"This cause coming on to be heard on appeal by the drainage commissioners from the order of the clerk of the Superior Court allowing the parties, represented by W. M. Bond, Jr., and W. M. Bond, Sr., to file objections and exceptions to the final report and preliminary reports in this cause, and said appeal being heard: It is considered and adjudged by the court that the clerk in allowing objections, exceptions, and answers to the preliminary and final reports was acting under authority of a prior judgment in this cause rendered by Judge H. W. Whedbee on 23 April, 1913, and this court has no power to reverse the findings of said clerk acting under authority of said judgment. It is ordered that said proceeding be remanded to said clerk, that he may proceed as directed by the order made herein by his Honor, H. W. Whedbee. 11 July, 1913."

Defendants appealed.

*E. F. Aydlett, Van B. Martin for plaintiff.*
*W. M. Bond, Jr., for defendant.*

BROWN, J. The order of Judge Whedbee, referred to in the order of Judge Connor, is as follows:

"This cause coming on to be heard on appeal from order signed by C. V. W. Ausbon, clerk Superior Court, dated 20 February, 1913, it is considered and adjudged by the court that said clerk of court pass upon the affidavits filed in said cause, and that he has jurisdiction to either allow said petitioners, represented by W. M. Bond, Sr., and W. M. Bond, Jr., to file objections and exceptions to preliminary report and final reports in said action, and other orders therein, or to refuse to allow them to file exceptions. In the event he shall order that objections and exceptions be filed, he shall fix a date and pass on said objections and exceptions which are then filed. It is ordered that said clerk hear said matter on 13 May, 1913, at 4 o'clock, at his office in Plymouth, N. C.; and this appeal is remanded to him to hear and pass upon said matter. This 23 April, 1913."

No appeal was taken from this order. When the cause came again before the clerk, he made an order "that said parties be

allowed thirty days from 1 July, 1913, within which to file said exceptions and answers, and that the defendants have thirty days thereafter to file answers thereto, if they be so advised."

We are of opinion that this appeal is premature, and must be dismissed.

It is plain that under the order of Judge Whedbee, which was not appealed from or even excepted to, and was therefore final, the clerk had the power to entertain and pass upon exceptions and to grant the parties time within which to file them.

It was the appellants' duty, if dissatisfied, to except to the order of Judge Connor, and wait until after the exceptions were finally passed upon before appealing to this Court.

It is possible the exceptions may be decided in defendants' favor, and then they would not care to appeal.

Fragmentary appeals are not encouraged.

Appeal dismissed.