PENN-ALLEN CEMENT COMPANY v. PHILLIPS AND SOUTHERLAND.

(Filed 16 November, 1921.)

1. **Appeal and Error—Fragmentary Appeals—Pleadings—Judgments—Dismissal.**

   Upon the joinder of three causes of action with counterclaims set up as to each, the defendant should preserve his exception to the action of the trial court in entering judgment on the pleadings in plaintiff's favor in two of them and reserving the other for trial, until a final judgment in the court below, and a present appeal by defendant is fragmentary, and will be dismissed.

2. **Same—Execution.**

   Where the defendant has improvidently appealed from judgment entered on the pleadings in two of the causes of action alleged in the complaint, reserving the third alleged cause for trial, execution under the judgments so entered cannot be issued until the disposition of the case by final judgment adverse to the defendant.

**3. Appeal and Error—Pleadings—Judgments—Admission.**

Upon judgment entered upon the pleadings against the defendant, the matters set up in defense are admitted to be true for the purpose of appeal.

**4. Commerce—Discrimination—Federal Statutes—Pleadings—Void Contracts—Quantum Meruit.**

Where a purchaser sued for the purchase price of goods in interstate commerce, sets up a counterclaim alleging an unlawful discrimination against himself in favor of other like purchasers (U. S. Compiled Statutes, sec. 8835 b), and has accepted the goods from the carrier, he may recover the unlawful overcharge upon a *quantum meruit*, but not upon the contract, which is void.

**5. New Trials—Appeal and Error—Rights of the Parties.**

Where the Supreme Court has set aside a judgment upon the pleadings entered in the court below, in the plaintiff's favor, on two of the causes of action alleged in his complaint, the third having been reserved for trial, a new trial will be ordered, leaving the matter open to both parties as *res nova*.

**6. Appeal and Error—Judgments—Unadjudicated Matters.**

Matters not passed upon and adjudicated by the Superior Court will not be considered on appeal.

**7. Appeal and Error—Dismissal—New Trials—Discussion of Merits—Court's Discretion.**

Where the dismissal of an appeal will have the effect of a new trial, the Supreme Court may in its discretion express its opinion upon the merits as a guide in the next trial.

APPEAL by defendants from *Ray, J.,* at June Term, 1921, of SCOTLAND.

This is an action to recover the price of four carloads of cement. There are three causes of action stated in the complaint. On 17 September, 1920, the plaintiff shipped the defendants one carload, 231 barrels of cement, at $6.09 per barrel, less freight and war tax, making $1,039.03, which amount was paid to the plaintiff by the defendant. On 18 September, 1920, the defendants sent the plaintiff a telegram to ship them two more carloads of 231 barrels each, which were received by the defendants for which the plaintiff now seeks to recover $2,079.87 in his first cause of action. On 27 September, 1920, the plaintiff shipped another carload of cement, which contained 231 barrels, which at the same price amounted to the sum of $1,039.26, and is the plaintiff's second cause of action, and another carload of 289 barrels which the defendants refused to accept was the third cause of action. The defendants based their refusal upon the ground that the shipment of 289 barrels was in excess of the 231 barrels which they had ordered, and further, because they allege that they had ascertained that the plaintiff had discriminated in the price of said cement in that it had charged the defendants $1.10 per barrel more for said cement than it had charged other

CEMENT CO. *v.* PHILLIPS.

purchasers within the United States in violation of section 2, chapter 323, 38 U. S. Statutes, which was illegal, and they set up and pleaded as a counterclaim a rebatement of $1.10 on each of the first four carloads, and that by reason of said illegal price and the excessive quantity in the last shipment they had refused to receive the last carload and pleaded as a counterclaim the $460.09 as freight and war tax paid by them on said last carload.

The defendants also pleaded as a counterclaim threefold damages by reason of the overcharge of $1.10 per barrel on said four carloads, making a total of $2,142.57, and threefold the damages of $28.90 per month from 15 October for storage on the carload refused.

The court adjudged that the plaintiff recover of the defendant $2,-079.87, with interest thereon from 17 October, 1920, on the first cause of action—2 carloads, and the further sum of $1,039.26, with interest from 27 October, 1920, on the second cause of action and retained the cause for trial as to the third cause of action. Appeal by defendants.

*Walter H. Neal for plaintiff.*
*Cox & Dunn for defendants.*

CLARK, C. J. The court entered judgment upon the pleadings in favor of the plaintiff upon the first and second causes of action, and "retained the cause for trial as to the third cause of action stated in the complaint," and took no action as to the counterclaims pleaded by the defendants.

This Court has uniformly held that it will not entertain fragmentary appeals. "The Court will not entertain appeals brought up in a fragmentary manner. The whole case must come up on appeal." *Hines v. Hines,* 84 N. C., 122; *Comrs. v. Satchwell,* 88 N. C., 1; *White v. Utley,* 94 N. C., 511; *McGehee v. Tucker,* 122 N. C., 186. "An appeal from the ruling upon one of several issues will be dismissed. The trial and appeal must be upon the whole case." *Hines v. Hines,* 84 N. C., 122; *Arrington v. Arrington,* 91 N. C., 301.

"The trial of an action should embrace and determine all the matters at issue, so that a *final* judgment may be entered and any errors committed may be corrected upon one appeal. Fragmentary appeals will not be tolerated. Therefore, in an action to recover land, with damages for its detention, where the issue as to the title and right to possession was tried, but the issue as to damages was reserved to be afterwards tried if it should be adjudged that the plaintiff was entitled to recover, the Supreme Court would not entertain an appeal for reviewing alleged errors on the trial of the issue submitted. *Hicks v. Gooch,* 93 N. C., 112; *Rodman v. Galloway,* 117 N. C., 13.

"Fragmentary appeals will not be allowed when the subject-matter could be afterwards considered and error corrected without detriment to the appellant. But this rule does not apply to interlocutory orders, the granting or refusal of which may produce present injury or loss. *Davis v. Ely,* 100 N. C., 283; *Guilford v. Georgia Co.,* 109 N. C., 310."

The later decisions have all followed this rule, among them, *Shelby v. R. R.,* 147 N. C., 537; *Moore v. Lumber Co.,* 150 N. C., 261; *Smith v. Miller,* 155 N. C., 242; *Shields v. Freeman,* 158 N. C., 123; *Chadwick v. R. R.,* 161 N. C., 209; *Walker v. Reeves,* 165 N. C., 35; *Chambers v. R. R.,* 172 N. C., 555; *Joyner v. Reflector Co.,* 176 N. C., 277; *Headman v. Comrs.,* 177 N. C., 261, and many other cases besides those disposed of by *per curiam,* the ruling being so well settled.

In *Joyner v. Reflector Co.,* 176 N. C., 277, *Allen, J.,* said: "This appeal is premature and must be dismissed, because the order appealed from disposes of only one question of many arising upon the record (*Hinton v. Ins. Co.,* 116 N. C., 22; *Richardson v. Express Co.,* 151 N. C., 61); but upon dismissal, the exceptions, duly taken, are reserved to be passed on upon appeal from the final judgment. *Gray v. James,* 147 N. C., 141."

The two latest cases probably are *Hoke, J.,* in *Lipsitz v. Smith,* 178 N. C., 100, and *Thomas v. Carteret,* 180 N. C., 111, where *Brown, J.,* says: "We are of opinion that this appeal is premature, and under the rules of the Court it must be dismissed *ex mero motu.* It is well settled by numerous decisions that this Court will not entertain premature or fragmentary appeals. *Cameron v. Bennett,* 110 N. C., 277; *Milling Co. v. Finlay, ib.,* 412."

The defendants should have noted their exceptions and have brought up the case when a final judgment was entered. Of course until final judgment was entered no execution could issue, for otherwise the plaintiff might have collected on its judgment while defendants' demand by way of counterclaim was left undetermined. The costs of the appeal will be divided between the parties.

Though the case must go back, the court may in its discretion, as it sometimes has done, express its opinion upon the merits so far as it may be a guide in the next trial. *Milling Co. v. Finlay,* 110 N. C., 412; *S. v. Wylde, ib.,* 503, and citations to those two cases in the Anno. Ed.

Judgment having been rendered upon the pleadings, all that is set up in the answer is, for the purposes of the appeal, admitted to be true. The U. S. Compiled Statutes, sec. 8835 b (15 October, 1914, ch. 323, sec. 2), forbids "discrimination in price between purchasers of commodities where the effect may be to lessen competition or tend to create a monopoly is unlawful," and provides: "It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly

or indirectly to discriminate in price between different purchasers of commodities," etc. This shipment was from Penn-Allen, Pa., to the defendants in Scotland County, and the judgment upon the pleadings admits the allegation in the answer for the purposes of this appeal that there was a discrimination and overcharge against the defendants of $1.10 per barrel. The contract was, therefore, unlawful and at most the plaintiff was entitled to recover the amount charged deducting $1.10 per barrel upon the two carloads set out in the first cause of action and on the carload in the second cause of action, for which they are liable, not upon the contract, which is unlawful, but upon a *quantum meruit*, having accepted the shipment. The judgment rendered upon the pleadings on the first and second causes of action is erroneous, and is set aside. This matter will be open to both parties as *res nova* on the new trial.

As to the third cause of action, the defendants claim that they are not liable both by reason of the carload, 289 barrels, being in excess of the usual carload, 231 barrels ordered, and by reason of the $1.10 per barrel excess in price. No judgment having been rendered as to this cause of action the allegations in the answer are not taken to be true, as in regard to the first and second causes of action, and we have nothing to review.

As to the counterclaim for threefold damages for the cost of the storage of the fifth and last carload and the threefold damages of $2,142.57 by reason of the overcharge of $1.10 per barrel on the other 4 carloads which the plaintiff claims under the provisions of the U. S. Compiled Statutes of 1916, sec. 8829, being sec. 7 of the Anti-Trust Act of 1890, the plaintiff contends that the defendants cannot recover the treble damages by counterclaim pleaded in an action to collect the purchase price, but must pay for the goods and bring an independent action in the Federal Court under Compiled Statutes, sec. 8835 d (15 October, 1914, ch. 323, sec. 4). This matter also has not been passed upon by the court below, and there is nothing for us to consider.

The appeal must be dismissed, and upon trial of the whole action an appeal will lie from the final judgment upon the whole controversy.

Appeal dismissed.