### E. MODLIN v. GARRETT & LAWRENCE.

(Filed 8 March, 1922.)

**1. Appeal and Error—Instructions—Requests for Instructions.**

Where the controversy depends almost entirely upon the jury's determination of the facts from the evidence, an instruction is correct that the jury is the trier of the facts, with right to decide upon the truthfulness of the witnesses and the weight to give their testimony, and that it should carefully scrutinize the evidence, upon which the court had no opinion; and an exception in this case is untenable, in the absence of requests for specific instructions, that reversible error was committed by the court in leaving the jury insufficiently instructed and not applying the rule of evidence to the testimony.

**2. Appeal and Error—Newly Discovered Evidence—New Trials—Argument—Opinions.**

A petition filed in the Supreme Court for a new trial upon newly discovered evidence must be submitted without argument, and will be decided upon scrutiny of the affidavits without filing opinion.

APPEAL by defendants from *Kerr, J.,* at February Term, 1921, of HERTFORD.

Upon the issues submitted the jury found that the defendants were indebted to the plaintiff in the sum of $155 and interest, and that the plaintiff was not indebted to the defendants by way of counterclaim. Judgment accordingly. Defendants appealed.

*John E. Vann for plaintiff.*
*W. R. Johnson, and Winston & Matthews for defendants.*

CLARK, C. J. This is an action begun before a justice of the peace to recover from the defendants the sum of $150, balance claimed on timber sold by the plaintiff to them, and $5 for other timber wrongfully cut from plaintiff's land.

The first, second and fourth assignments of error are solely as to matters of fact. The exception of the defendants that the charge was not clear and intelligent, and that there was an expression of opinion on the facts as to the $5 cannot be sustained. The third exception was that the court charged the jury, "You are the triers of the fact; you have the right to decide upon the truthfulness of any person upon the stand, and you will determine how much weight to give his testimony. You are to carefully scrutinize the evidence. The court has no opinion of its own, and does not intend to convey any. You will take these issues and be governed by the evidence." The defendants contend that this leaves the jury without chart or compass, and is a restriction upon the defendants' evidence; and further, that the rule as to the testimony of the parties was not charged.

It is true the charge as to the weight to be given to the testimony of the witnesses might have been stated more fully, but there was no request to charge more fully, and we do not find any error in the charge as given. Scrutiny of the case on appeal shows that the controversy turned almost entirely upon the determination of the facts in regard to, which the jury are proper triers.

There is also filed in the case an application for a new trial for newly discovered evidence and an answer thereto. In regard to this the settled practice of the courts is that such petition be submitted without argument, and will be decided by the Court upon scrutiny of the affidavits without filing any opinion. *Steeley v. Lumber Co.,* 165 N. C., 35; *Johnson v. R. R.,* 163 N. C., 453.

Upon consideration of the whole case the motion for new trial for newly discovered testimony is denied, and on the case proper we find

No error.