This is an action for the recovery of damages for breach of a contract for cutting and logging a certain boundary of timber, the description of which tract is set out in the record. Verdict for the plaintiff for $300. Appeal by plaintiff.
This is an action for the recovery of damages by reason of a breach of contract on the part of the defendants.
There are four separate and distinct contracts alleged in the complaint, and four separate and distinct breaches of these contracts are alleged.
The lower court permitted the second and third contracts, and the breaches of these second and third contracts, to be considered by the jury, and allowed the jury to assess the damages sustained by reason thereof. No exception to the ruling of the court, nor to the verdict of the jury, are taken, or assigned, so far as the trial on the second and third contracts, or the second and third causes of action are concerned. The judgment as to them stands, for there is no exception in the record relating to them, no motion for a new trial as to them, and the motion for a new trial expressly excepts them, and is confined to the first and fourth causes of action for damages. So the appeal is restricted to the rulings of the court on the trial of the first and fourth causes of action.
The defendants moved to dismiss upon the ground that this is a fragmentary appeal, the plaintiff having obtained judgment for $300, collected the same, and appealed. This appeal is by the plaintiff for failure to recover on the first and fourth causes of action. If the appeal had been by the defendant, or by the plaintiff from a verdict on one or more causes of action, an appeal would not lie until the other matters were tried, but this is not like the case of Cement Co. v. Phillips, *Page 553 182 N.C. 437, where a counterclaim was pleaded, but on verdict against defendant on two causes of action, the cause was retained for the trial on the third cause of action, for the trial was not completed until the disposition of the case by final judgment. But here the plaintiff having recovered judgment upon the issue submitted as to the second and third causes of action, it is no estoppel on appeal that he collected that part of the judgment, though the defendants could have objected if they had a counterclaim pending — which is not the case. The trial was complete, judgment being entered for the plaintiff on two causes of action and against him on the other two, since the judge ruled out the evidence which sustained the plaintiffs action as to those causes of action. As the plaintiff was satisfied with the verdict on the issue submitted as to the second and third causes of action, unless he appealed now on the other two causes of action, he never could have errors as to them reviewed. If the plaintiff had been appealing from the judgment as to the second and third causes of action, leaving the other matters untried, it would have been a fragmentary appeal, but the plaintiff was not only satisfied with that, but has collected that sum, and the only matters not disposed of are the rulings of the court as to the first and fourth causes of action, as to which the plaintiff's evidence was excluded, and he must have appealed now or not at all as to those causes of action.
Ordinarily, when there is more than one cause of action, the failure to except for not submitting issues is conclusive, but the evidence offered by the plaintiff in support of the first and fourth causes of action having been excluded by the court, and exceptions duly entered, there was no ground upon which to submit issues as to them. The plaintiff having excepted in apt time to exclusion of this evidence, is entitled to have it reviewed.
This, therefore, is not the case of a fragmentary appeal, but where a party having succeeded on two causes of action, and is satisfied therewith, is appealing to secure a review of his exceptions for excluding his evidence as to the other two causes of action, which he could not present for review unless he had taken this appeal. Certainly his obtaining judgment and payment on the second and third causes of action, from which defendants did not appeal, was not an estoppel when, as held at this term, the payment of a judgment against him will not be an estoppel on his appealing. Bank v. Miller, post, 593.
Cement Co. v. Phillips, supra, is conclusive that a fragmentary appeal will not lie where, as in that case, judgment was rendered for the plaintiff upon the first and second causes of action and retained as to the third cause of action, and the defendant sought to appeal against the judgment in favor of the plaintiff, leaving the third cause of action still undetermined. Here there was final judgment in favor of the *Page 554 
plaintiff as to the subject-matter of the issues passed on, and the defendant is not appealing. The appeal of the plaintiff is as to the alleged errors in excluding testimony to prove the other two causes of action which could be presented only by an appeal at this time. The authorities cited in Cement Co. v. Phillips, supra, are numerous, and give the reasons therefor, which are conclusive, but they do not apply to the facts in this case.
The plaintiff had to appeal now or never, and the fact that he did not appeal from the judgment on the issue tried, and collected the same, is no estoppel as to this appeal for excluding evidence as to the other causes of action.
The court submitted the following issue: "What amount, if any, is the plaintiff entitled to recover of the defendants?" In the discretion of the court, this issue could have covered all four causes of action, and it was not absolutely necessary that the plaintiff should except thereto. The jury answered the issue $300. Judgment was entered accordingly, and the plaintiff did not appeal, but, as already stated, execution was issued thereon and the $300 was paid.
But the plaintiff did except to the ruling of the court excluding certain testimony as to other matters, which therefore did not get to the jury, and those exceptions could not be presented except by this appeal. The defendant's motion to dismiss the plaintiff's appeal must, therefore, be disallowed.
The first assignment of error was to the court excluding parol evidence that at the time the written contract was entered into between the parties the defendants contracted and agreed to furnish the cars upon which plaintiff was to load the logs, and that the defendants were to furnish at least three cars per day. It is true that "contemporaneous parol evidence is not admissible to contradict, vary, or alter the terms of a written contract," but it has been always well settled that "when a contract is not required to be in writing, it is admissible to show by parol testimony that in fact the contract was partly in writing and partly oral, and to prove the oral part." Nissen v. Mining Co., 104 N.C. 310, and cases there cited. Also, see citations to that case in 2 Anno. Ed. As said in theNissen case, supra, "This is not varying, altering, or contradicting the written instrument, but merely showing further the entire contract that was made."
In this case it was error for the lower court to decline to permit the plaintiff to show by parol testimony the collateral or additional contract as to who was to furnish the cars, so that they might be loaded, and that the defendant verbally contracted to furnish at least 3 railroad cars every day when the written contract was silent as to who should furnish the cars, or how many cars every day were to be furnished. The only reference to the cars in the written contract was the scale of *Page 555 
prices to be paid the plaintiff for cutting, hauling, and loading the cars,i. e., "$6 per M. Feet for logs delivered on railroad cars, and $6.50 per M. feet will be paid for poplar and cucumber loaded on cars. Poplar to be loaded separately." It was error to exclude parol evidence as to this matter, which was not in contradiction nor a variation of the written contract.
As to the fourth cause of action, the allegation in paragraphs 7 and 8 of the complaint that the plaintiff and defendant agreed that if the plaintiff would construct roads, build his camp, and move his equipment and log the timber standing and growing on certain boundaries of land to mill yards Nos. 4 and 5, and saw the timber, they would pay him $8 per M. feet for all logs cut and hauled by him to these yards, and afford him steady employment until 1 January, 1921; and that acting in compliance with the terms of this part of the contract, plaintiff, at large expense, purchased supplies for teams and hands, built roads, and moved his equipment and logging outfit to said boundary, and there built camps, stables, shacks, roads, etc., and began to cut and haul logs to said mill sites, and that after plaintiff had done all this preparatory work, and had cut and hauled only sixty thousand feet of logs, that the defendants, in violation of the terms of said contract, ceased operations, closed down their mill, and discharged the plaintiff early in November, 1920, by reason whereof plaintiff alleges that he sustained damages in loss of profits he would have made in November and December had he been permitted to continue his operations.
The plaintiff alleges that the actual cost of the above preparatory work was about $200, and when the defendants breached their contract and discharged the plaintiff they paid him $200, the estimated cost of doing this preparatory work, and the plaintiff thereupon executed the receipt which appears in the record, and covers only such work.
The lower court held that the acceptance of this $200 estopped the plaintiff from recovery of damages on account of the alleged loss of profits during the months of November and December.
The authorities that where the writing does not contain all the terms of the contract, when it is not required to be in writing, the oral part of the contract may be shown by parol evidence are numerous, many of them being cited above, and it was therefore error in the court to exclude such testimony.
As the logs were not the property of the plaintiff, and he had no authority to manufacture, ship, or sell them when they were loaded, it was a matter of evidence in the silence of the written contract upon whom was the duty of furnishing the cars. The plaintiff was entitled to show this fact just as in Doubleday v. Ice Co., 122 N.C. 675, it was admissible to show upon whom rested the duty of keeping the cold *Page 556 
storage in proper condition for the safety of the stored grapes, or to show the time for the delivery of ice. Johnston v. McRary, 50 N.C. 369.
As to the fourth cause of action, it is true the acceptance of a lesser sum in full payment of a larger sum is valid under our statute, C. S., 895, but the payment of one account is not the settlement of another, and the receipt does not state that it was in full settlement, as in Thomas v.Gwyn, 131 N.C. 460, and makes no reference to the plaintiff's claim for the damages sustained by reason of breach of contract causing the loss of profits for the months of November and December, by reason of the plaintiff's premature dismissal and the cessation of work.
The evidence as to these matters should have been submitted to the jury, who alone were competent to find whether or not there was these additional matters set out in an oral contract, and if so, whether there was a breach thereof, and the amount of damages, if any, which the plaintiff was entitled to recover on that account. There should be, therefore, a new trial on the first and fourth causes of action. There was no appeal by either party as to the second and third causes of action, which have been settled.
Error.