Proceeding under C. S., 6219, to vacate and annul license to operate private hospital for cure of insane, granted by State Board of Charities and Public Welfare to Highland Hospital, Inc., of Asheville, N.C.
Annulment of the corporate defendant's license is sought on the alleged ground of gross immorality with certain patients and nurses on the part of Dr. Robert S. Carroll, principal owner, manager and medical director of said hospital.
By amendment to the original complaint, it is further alleged that the defendants have been guilty of gross neglect and cruelty in the operation of said hospital, for which it is also sought to annul the license of the corporate defendant, Highland Hospital, Inc.
A demurrer was interposed by the individual defendant, Dr. Robert S. Carroll, on the ground that the complaint does not state facts sufficient to constitute a cause of action against him. The demurrer was sustained, and plaintiffs gave notice of appeal.
The action against the corporate defendant proceeded to trial, and four issues were submitted to the jury, as follows:
"1. Are plaintiffs estopped on the cause of action set out in the original complaint by the verdict and judgment of the Superior Court of Buncombe County, as alleged in the answer? Answer: No.
"2. Was Dr. Robert S. Carroll guilty of gross immorality while medical director and manager of Highland Hospital, as alleged in the complaint? Answer: _________
"3. Was Dr. Robert S. Carroll, medical director and manager of Highland Hospital, guilty of gross neglect in the conduct and operation of said hospital, as alleged in the complaint? Answer: No."
"4. Was Dr. Robert S. Carroll, medical director and manager of Highland Hospital, guilty of cruelty in the conduct and operation of said hospital, as alleged in the amended complaint? Answer: No."
The following is taken from page 15 of the record:
"The jury, after deliberating for some time, came into court and reported to the court that they had agreed on their answers to the first, third and fourth issues, and had answered each of said issues No, as the same is shown by the record, being the issues and answers thereto as delivered to the court and filed with the clerk. Thereupon, the defendant, Highland Hospital, Inc., moved for judgment upon the answers of *Page 754 
the jury to the third and fourth issues. The jury failed to answer the second issue. The court was of the opinion as a matter of law that it could not render judgment as prayed inasmuch as the jury did not answer the second issue, and for this cause refused the motions of the defendant for judgment upon the third and fourth issues." (Exception by defendant and notice of appeal.)
Again, on page 42 of the record, the following appears:
"The jury not having answered the second issue, the plaintiffs moved the court that a mistrial be ordered as to all the issues, and the court, being of the opinion that the jury not having answered the second issue, a mistrial should be ordered as a matter of law, did so order and caused a juror to be withdrawn and a mistrial had."
"To this action of the court the defendant, in apt time, duly excepted and appealed."
Both sides, plaintiffs and the corporate defendant, have perfected their appeals.
PLAINTIFFS' APPEAL.
after stating the case: The complaint does not state facts sufficient to constitute a cause of action against the individual defendant, Dr. Robert S. Carroll, hence the demurrer interposed by him was properly sustained. The license of the corporate defendant alone is sought to be vacated or annulled. And we may add, that by the same token, the court's ruling on the corporate defendant's plea of res judicata would seem to be correct, though this question is not now before us for decision.
Affirmed.
DEFENDANTS' APPEAL.