### HETTIE S. PERKINS v. E. P. SYKES.

(Filed 1 March, 1950.)

**Appeal and Error § 2—Appeal in this case dismissed as premature.**

> Where plaintiff institutes action for an accounting with defendant upon allegation that she and defendant were partners, together with causes of action for recovery of amounts alleged to have been loaned or entrusted to defendant, and defendant denies all liability to plaintiff and sets up a cross-action asserting that plaintiff's title to one-half the business property was as a trustee for defendant, and the jury, by reason of disagreement, is unable to answer four of the six issues submitted and judgment is entered upon the two issues answered adjudicating that the parties are partners and that plaintiff's title to part of the business property was free from the asserted trust, but postpones the taking of an accounting of the partnership affairs, *held* the judgment is a partial one and an appeal therefrom is dismissed as fragmentary and premature.

APPEAL by defendant from *Nimocks, J.,* and a jury, at the May Term, 1949, of ORANGE.

Certain events antedating this litigation are not in dispute. They are set out in the next three paragraphs.

From 27 March to 6 September, 1946, the defendant and Paul J. Reeves operated an automobile sales agency and service station in Hillsboro, North Carolina, under the trade name of Reeves Motor Company. They had identical interests in the business, and conducted it upon a lot which they owned in equal shares as tenants in common. Prior to 6 September, 1946, the plaintiff delivered two sums, to wit: $2,500.00 and $500.00 to the defendant, who is her brother.

On or about 6 September, 1946, Paul J. Reeves executed and delivered to the plaintiff for a valuable consideration a bill of sale and a deed sufficient in form to vest in the plaintiff his entire interest in the assets and business of the Reeves Motor Company, and in the lot used for the undertaking. The name of the enterprise was thereupon changed to the E. P. Sykes Motor Company. Since that time the defendant has actively managed the entire business.

On 21 March, 1947, the plaintiff took title to an Oldsmobile sedan from the E. P. Sykes Motor Company, and at the same time borrowed $1,852.50 from the M & J Finance Company of Durham, North Carolina, which was paid on the purchase price of the automobile. On various subsequent occasions the plaintiff delivered sums of money to the defendant upon an agreement that he would transmit them to the M & J Finance Company for application to the plaintiff's debt to it.

This action was begun on 15 October, 1947. Although it does not state them separately, the complaint sets forth three different causes of action.

The first cause of action alleges that the sums of $2,500.00 and $500.00 advanced to defendant by plaintiff before 6 September, 1946, constituted loans; that the defendant had breached his contract to repay such loans to plaintiff; and that plaintiff is entitled to recover such loans of defendant.

The second cause of action asserts that subsequent to 21 March, 1947, the plaintiff delivered sums totaling $1,166.00 to defendant, who agreed to transmit them to the M & J Finance Company for application to the debt of the plaintiff to the Finance Company; that the defendant had breached this agreement with plaintiff by withholding $548.50 out of these sums; and that plaintiff is entitled to recover the amount so withheld of defendant.

The third cause of action states that the plaintiff and the defendant have been equal partners in the E. P. Sykes Motor Company since 6 September, 1946; that the defendant has wrongfully usurped complete control of the business and property of the partnership, and "is appropriating all of the earnings to his own use"; and that plaintiff is entitled to a dissolution of the partnership and an accounting with respect to its affairs.

The defendant answered, denying all liability to plaintiff and pleading a cross-action against her. He avers that the sums involved in the first cause of action were gifts and not loans; that he had faithfully transmitted to the M & J Finance Company all sums entrusted to him by plaintiff for that purpose; and that no partnership had ever existed between him and the plaintiff with respect to the business and property of the E. P. Sykes Motor Company. The cross-action alleges that the plaintiff took legal title to the property described in the bill of sale and deed from Paul J. Reeves as a trustee for the defendant, and prays a decree so adjudging.

Trial began on Monday morning and ended at ten o'clock on the ensuing Friday night. The parties offered voluminous testimony in support of their respective pleadings. These issues were submitted to the jury:

1. Were the sums of $2,500.00 and $500.00 loaned to the defendant by plaintiff, as alleged in the complaint?

2. In what amount, if any, is the defendant indebted to the plaintiff?

3. Did the plaintiff pay any sums to defendant for payments to be made on the Oldsmobile automobile which defendant failed to pay thereon?

4. What amount, if any, is the defendant indebted to plaintiff on said automobile payments?

5. Have plaintiff, Hettie S. Perkins, and defendant, E. P. Sykes, been partners in the E. P. Sykes Motor Company since 6 September, 1946, as alleged in the complaint?

6. Is the plaintiff trustee for defendant holding the title to one-half interest in the land, filling station and personal property, as alleged in the further answer?

After protracted deliberations, the jury returned into open court with the fifth issue answered "Yes," the sixth issue answered "No," and the other issues unanswered. The jury announced that it had agreed upon the fifth and sixth issues, and tendered its answers to these issues to the court as its verdict thereon. At the same time, the jury advised the court that it was hopelessly deadlocked upon the other issues. The court thereupon accepted the answers of the jury to the fifth and sixth issues as its verdict thereon, caused them to be recorded on the minutes as such, and declared a mistrial as to the first, second, third, and fourth issues, which it ordered to be tried anew before another jury at a later term.

The court entered a judgment on the basis of the findings on the fifth and sixth issues making these adjudications: (1) That plaintiff and defendant "have been equal partners in the E. P. Sykes Motor Company since September 6, 1946, until the present time"; (2) that the plaintiff "is entitled to a full accounting of all transactions had by the E. P. Sykes Motor Company since September 6, 1946, until the present time"; and (3) that the plaintiff "is the holder of the title to one-half interest in the land described in the complaint, the filling station and personal property in her sole right and interest."

The defendant excepted and appealed, assigning errors.

*A. H. Graham and L. J. Phipps for plaintiff, appellee.*

*J. Grover Lee and R. M. Gantt for defendant, appellant.*

ERVIN, J. The judgment adjudicates the issue raised by the defendant's cross-action, *i.e.,* the title to the real and personal property used in carrying on the business of the E. P. Sykes Motor Company. It also judicially declares the right of the plaintiff to have an accounting of the partnership affairs in conformity to the prayer of the third cause of action stated in the complaint. But it leaves the first and second causes of action set out in the complaint wholly untried, and postpones the actual taking of the account of the partnership affairs to a later occasion.

For these reasons, the judgment is a partial one, not disposing of the whole case. In consequence, the appeal is fragmentary and premature, and must be dismissed. *Cole v. Trust Co.,* 221 N.C. 249, 20 S.E. 2d 54; *Garland v. Improvement Co.,* 184 N.C. 551, 115 S.E. 164; *Cement Co. v. Phillips,* 182 N.C. 437, 109 S.E. 257; *Hinton v. Ins. Co.,* 116 N.C.

22, 21 S.E. 201; McIntosh on North Carolina Practice and Procedure in Civil Cases, section 676 (7).

When the whole action is tried, an appeal will lie from the final judgment upon the whole controversy. *Cement Co. v. Phillips, supra.*

Appeal dismissed.