TRANSTECTOR SYSTEMS, INC. v. ELECTRIC SUPPLY, INC.

[113 N.C. App. 148 (1993)]

TRANSTECTOR SYSTEMS, INC., PLAINTIFF v. ELECTRIC SUPPLY, INC., DEFENDANT, AND LITHONIA LIGHTING PRODUCTS COMPANY OF NEVADA, INC., THIRD-PARTY

No. 9318SC52

(Filed 21 December 1993)

**1. Appeal and Error § 125 (NCI4th)— motion to order production of evidence of debts—denied—appeal interlocutory**

Plaintiff's appeal was dismissed as interlocutory where the order at issue required the third-party cross-appellant to take certain actions with regard to evidence of debts due defendant "pending further orders of this court." The wording of the order clearly demonstrates that the order is interlocutory, since it was made during the pendency of the action and did not dispose of the case in a final manner.

**Am Jur 2d, Appeal and Error § 130 et seq.**

**2. Courts § 17 (NCI4th)— out-of-state corporation—personal jurisdiction—no authority to exercise**

The trial court erred by denying the motion of third-party Lithonia to dismiss for lack of authority to exercise personal jurisdiction where Lithonia is not a person served in an action pursuant to N.C.G.S. § 1A-1, Rules 4(j) or 4(j1), never made a general appearance, and is not involved in a counterclaim to an action it brought, so that plaintiff cannot argue that service of a summons is dispensed with under N.C.G.S. § 1-75.7. N.C.G.S. § 1-75.3(b).

**Am Jur 2d, Courts §§ 118, 119.**

Appeal by plaintiff and third-party appellee and cross-appellant from judgment entered 21 September 1992 by Judge Julius A. Rousseau, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 29 November 1993.

On 7 November 1991, plaintiff obtained a judgment against defendant in the amount of $28,055.36. On 10 December 1991, an execution was issued by the Clerk of Court on behalf of plaintiff.

On 21 February 1992, the Sheriff of Guilford County viewed the remaining physical assets of defendant. Pursuant to N.C. Gen. Stat. § 1-324.4, the sheriff ordered defendant to comply with the

requirements of the statute and produce all evidence of any debts due the corporation to the sheriff for the purpose of assignment to plaintiff. The sheriff was unable to find other property belonging to defendant to satisfy the judgment.

On 27 February 1992, the sheriff levied on some of defendant's goods. On 9 March 1992, the sheriff held an execution sale of the goods with the proceeds totaling $50.00. The cost of the sale was $250.00.

On 30 March 1992, the Clerk of Superior Court of Guilford County issued an execution to the Sheriff of Guilford County pursuant to a judgment obtained by third-party Lithonia against defendant in the amount of $133,497.15. Because the sheriff had previously levied upon and sold all tangible personal property which he could locate pursuant to plaintiff's execution, the sheriff made demand upon defendant pursuant to N.C. Gen. Stat. § 1-324.4 to satisfy Lithonia's execution from debts due defendant. In response, defendant delivered all evidence of debts due them to the sheriff with a transfer in writing in the form of a Response to Demand from Sheriff.

On 13 April 1992, the Clerk of Superior Court of Guilford County ordered every agent or person having charge or control of property of defendant to furnish to the sheriff the names of the directors and officers of defendant corporation and a schedule of all of its property, including debts due defendant, within ten days of the service of the order. Pursuant to this order and after service by the sheriff, defendant filed a Response to Demand from Sheriff in which defendant stated that the debts due them had previously been delivered to the sheriff pursuant to Lithonia's execution and demand, and that this transfer constituted an assignment of the debts due defendant as set forth in N.C. Gen. Stat. § 1-324.4.

On 29 June 1992, plaintiff filed a Motion to Show Cause as to why defendant should not be held in contempt for its failure to deliver the evidence of debts due them to plaintiff pursuant to the alleged demand by the sheriff prior to his levy on the personal property and the clerk's order of 13 April 1992. On 24 August 1992, the court denied plaintiff's motion. On 31 August 1992, plaintiff filed its Motion to Produce Evidence of Debts Due Corporation or in the Alternative to Sell Debts Due Corporation in which plaintiff named Lithonia as "third party." The trial court denied plain-

TRANSTECTOR SYSTEMS, INC. v. ELECTRIC SUPPLY, INC.

[113 N.C. App. 148 (1993)]

tiff's motion. Plaintiff appealed and third-party Lithonia Lighting Products Company of Nevada, Inc. cross-appealed.

*Causey, Bodenheimer & Bradley, by Pete Bradley, for plaintiff-appellant Transtector Systems, Inc.*

*Keziah, Gates & Samet, by Andrew S. Lasine, for defendant-appellee Electric Supply, Inc.*

*Fisher Fisher Gayle Clinard & Craig, P.A., by Robert G. Griffin and John O. Craig, III, for third-party appellee and cross-appellant Lithonia Lighting Products Company of Nevada, Inc.*

WELLS, Judge.

## I. Plaintiff's Appeal

[1] Plaintiff appeals from Judge Rousseau's order dated 21 September 1992 which denied plaintiff's motion that defendant comply with the order issued by the sheriff on 21 February 1992 and with the order issued by the Guilford County Clerk of Superior Court dated 13 April 1992. Initially, we must decide whether this appeal is interlocutory and should be dismissed.

A judgment or order of a trial court is either interlocutory or is a final determination of the rights of the parties. N.C. Gen. Stat. § 1A-1, Rule 54(a) (1990). Interlocutory orders are those made during the pendency of a proceeding which do not finally dispose of the case but leave it for further action by the trial court in order to settle and determine the entire controversy. *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). "An appeal from a nonappealable interlocutory order is fragmentary and premature and will be dismissed." *Hoots v. Pryor*, 106 N.C. App. 397, 417 S.E.2d 269, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 148 (1992), *citing Cement Co. v. Phillips*, 182 N.C. 437, 109 S.E. 257 (1921).

Judge Rousseau's order required the third-party cross-appellant Lithonia to take certain actions with regard to the evidence of debts due defendant "pending further orders of this court." The wording of this order clearly demonstrates that the order is an interlocutory order, since it was made during the pendency of the action and it did not dispose of the case in a final manner. In order for an interlocutory order to be immediately appealable, it

must affect a substantial right and must threaten injury if not corrected before final judgment. *Goldston v. American Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735 (1990). Since plaintiff has not demonstrated that any substantial right is affected by this order, plaintiff's purported appeal of an interlocutory order is hereby dismissed.

## II. Third-Party Lithonia's Cross-Appeal

[2] Third-party Lithonia cross-appeals and contends that the trial court erred in denying its motion to dismiss pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure because the court lacked authority to exercise personal jurisdiction over Lithonia. We agree and hold that the trial court's denial of this motion was error.

N.C. Gen. Stat. § 1-75.3(b) sets forth the requirements for personal jurisdiction over a party. The statute allows a North Carolina court to have personal jurisdiction over a party only if one or more of the jurisdictional grounds set forth in N.C. Gen. Stats. § 1-75.4 or § 1-75.7 are met and either: (1) service of process is made pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure; or (2) service of a summons is dispensed with under the conditions in N.C. Gen. Stats. § 1-75.7 and § 1-75.3(b).

Neither of the previously cited statutes allows a court of this State to exercise jurisdiction over Lithonia as the trial court has in this action. Lithonia is not a "person served in an action pursuant to Rule 4(j) or Rule 4(j1)." Plaintiff made no service of process upon Lithonia or substituted service as required by these rules. Since Lithonia never made a general appearance in this action and is not involved in a counterclaim to an action it brought, plaintiff cannot successfully argue that service of a summons is dispensed with under the conditions of N.C. Gen. Stat. § 1-75.7.

Since Lithonia was never properly brought within the jurisdiction of the trial court, we hold that their motion to dismiss should have been allowed. Accordingly, we reverse the trial court's denial of this motion.

Upon remand, the trial court shall enter an appropriate order dismissing this action as to Lithonia.

Dismissed in part; reversed in part and remanded.

Chief Judge ARNOLD and Judge EAGLES concur.